JAMES A. WATTS *et al.*

*v.*

ALEXANDER Z. RICE *et al.*

*Opinion filed October 24, 1901.*

</div>

BILLS OF REVIEW—*due diligence must appear to sustain bill of review for newly discovered matter.* It must be presumed that parties seeking partition will make, or cause to be made, an examination of title to the land in order that the court may render a proper decree; and it is not sufficient to show, in support of their bill of review to correct the decree for newly discovered matter, that they were ignorant of certain conditions of the title which could have been discovered by an inspection of the public records.

APPEAL from the Circuit Court of Washington county; the Hon. B. R. BURROUGHS, Judge, presiding.

W. W. WATTS, and LEWIS BERNREUTER, for appellants.

H. H. HOSMER, and GEORGE VERNOR, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Washington county upon a bill of review, filed to review and change a decree in a suit in partition. The decree in partition had determined the interests of the respective parties to the lands in question, and there had been a sale of the lands and a payment of the purchase money to the master, but no distribution of the proceeds had been made. The bill of review does not attack the

sale, but seeks to change the decree fixing the interests of the parties, and also the basis of distribution.

The facts necessary to an understanding of the case are, that Jeremiah Rice died testate, as found by the decree in partition, in June, 1876, but as found by the decree upon the bill of review, in December, 1878. The bill and decree in partition alleged and found that he died seized of the north half of the north-east quarter and the north-east quarter of the north-west quarter of section 10, and the south half of the south-east quarter (except ten acres described,) and the south-east quarter of the south-west quarter of section 3,—all in township 3, south, range 3, west of the third principal meridian; also that he left surviving him Mary H. Rice, his widow, and nine children and four grandchildren, one of which grandchildren was the child of a deceased daughter and three the children of a deceased son. Before the proceedings in partition there had been sales and conveyances of the interests of many of the heirs, and the decree found and fixed the interest of (among others) James A. Watts, appellant herein, to be the undivided two-elevenths, and of Alexander Z. Rice, appellee herein, the undivided $\frac{133}{858}$ of all said lands. The original bill for partition was filed by said Alexander Z. Rice and James A. Watts. The bill of review was filed by said Alexander Z. Rice and other of the heirs, and alleged that Massey Rice was the first wife of Jeremiah Rice, and that she died in 1845, seized of the title to eighty acres of said land, viz., the north-east quarter of the north-west quarter of section 10 and the south-east quarter of the south-west quarter of section 3, and that, subject to his estate by the curtesy, it descended to her children, who were eight of the said eleven children of Jeremiah Rice, and that the other three were children of Mary H. Rice, his second wife, and were not entitled to any part of said eighty acres, and that, therefore, the former decree was erroneous and should be corrected. It was alleged, also, that the complainants did not know of said

facts at the time of the former proceedings and could not have ascertained the same by reasonable diligence. Certain of the parties also filed a bill of interpleader and a cross-bill setting up a mortgage given by certain heirs on their interest in the property, to secure certain notes they had given. Issues were made, and on the hearing the court found that said notes and mortgage were barred by limitation, but granted the prayer of the bill of review and corrected the former decree, and ordered a distribution of the proceeds of the sale of said eighty acres among the heirs, or their grantees, of said Massey Rice, and not among all the heirs, and their grantees, of said Jeremiah Rice, as the former decree had adjudged.

It appeared from the evidence that the eighty acres constituted a part of the Jeremiah Rice farm and that he had had possession until his death and claimed to own it, and his title to it seems never to have been questioned till about the time the bill of review was filed; but it was proved by certified copies of United States patents that it was entered by Massey Rice and that the patents were issued to her of lands subject to sale at Kaskaskia, and said patents showed entries on their face, as follows: One, "Recorded Illinois, vol. 133, page 316," and the other, "Recorded Ill. vol. 141, page 112." Complainants also gave in evidence a certificate of the Auditor of Public Accounts of this State that he was custodian of the records of the United States land office formerly located at Kaskaskia, and that such records show that one of said forty-acre tracts was entered by Massey Rice on September 15, 1836, and the other February 22, 1839. Alexander Z. Rice, complainant in the bill of review and also complainant in the bill for partition, testified that he first learned that the title to the eighty acres was in Massey Rice, a few months, only, before the bill of review was filed; that he learned it from the abstracter, who asked him who Massey Rice was, and who told him "there was no connection with the title." Before that,

and when he bought out interests of some of the heirs, it had been considered that the interest of each of the eleven children of Jeremiah Rice in all the lands was one-eleventh. It is clear from the evidence that it was so understood by all the parties in interest until it was disclosed by the abstracter, in making an abstract, that the patent title to the eighty acres was never in Jeremiah Rice, but was in Massey Rice, his first wife; but there was no evidence whatever that the complainants in the bill of review, who were also parties to the partition suit, —one of them, Alexander Z. Rice, the principal owner, being complainant in that suit,—used any diligence whatever to ascertain the true state of the title to that land. Questions of estoppel and other defenses set up by the appellants have been urged in addition to complainants' lack of diligence, but as the latter is a sufficient defense we do not find it necessary to consider any other.

It must be presumed that parties interested in land and seeking its partition among them, will make, or cause to be made, an examination of the title, in order that the court may render a proper decree, and it is not sufficient to show, in support of their bill for a review of the proceedings and the correction of the decree because of newly discovered matter, that they were ignorant of the title. The bill properly alleged that they could not have discovered the new matter by reasonable diligence. This necessary allegation should have been supported by proof. If the facts were such that the allegation could not be proved because the title to the land was a matter of public record open to the inspection of every one, the rule would not be changed or rendered inapplicable, but only the fact made apparent that there was a failure to exercise reasonable diligence in the examination of the title. Such an examination prior to the partition proceedings would have disclosed the same title in' Massey Rice now asserted in the bill of review. A bill of review based on newly discovered evidence is designed

to accomplish the same purpose as a petition for a re-hearing in chancery or a motion for a new trial at law. Such a petition or motion must, however, be filed or made during the term, while a bill of review is filed only after the term at which the decree was entered. (*Elzas* v. *Elzas*, 183 Ill. 160.) But diligence must be shown in either case. Not only must the matter be new, and sufficient to have produced a different decree from the one rendered, but it must be such that the party, by the use of reasonable diligence, could not have known of it before the hearing, so as to have produced it at that time. *Boyden* v. *Reed*, 55 Ill. 458; *Washburn & Moen Manf. Co.* v. *Wire Fence Co.* 119 id. 30; 3 Ency. of Pl. & Pr. 582.

It is also contended by appellants that the decree of partition was essentially a consent decree, and that a bill of review will not lie to correct or change a consent decree. (*Cox* v. *Lynn*, 138 Ill. 195; *Flagler* v. *Crow*, 40 id. 414.) The rule contended for is undoubtedly correct, but we need not consider whether the former decree can be said to have been entered by consent. True, the princi-pal party in interest and one of the complainants in the bill of review was one of the two complainants in the partition suit, and asked the court in that case to make the decree which was made and which he now asks the court to change and correct. But it is sufficient to dis-pose of the bill, that the complainants failed to exercise such reasonable diligence as would have disclosed the true state of the title.

The court below properly decided that the notes and mortgage set up by the interpleader and cross-bill were barred. They had been due and nothing paid on them, nor any promise to pay, for upwards of eighteen years. But for the error pointed out the decree must be reversed and the cause remanded to the circuit court, with direc-tions to dismiss the bill of review as well as the inter-pleader and cross-bill.

*Reversed and remanded, with directions.*