## Abraham Lincoln Building, Loan & Homestead Association v. Margaret Walsh.

### Gen. No. 12,289.

1. HOMESTEAD LOAN ASSOCIATION—*what without power of secretary of.* A secretary of a homestead loan association is without power, on behalf of the association, to receive money on deposit from one who has ceased to be a member thereof.

Action of assumpsit. Appeal from the County Court of Cook County; the Hon. A. J. CLARITY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed, with finding of fact. Opinion filed April 10, 1906.

**Statement by the Court.** This is an appeal from a judgment of the County Court upon a verdict of $600 rendered in an action of assumpsit in favor of Margaret Walsh, plaintiff, and against the Abraham Lincoln Building, Loan & Homestead Association, an Illinois corporation, defendant. The declaration was in the common counts and the defendant pleaded the general issue.

Plaintiff, appellee, was a member of the defendant association, and as such was the owner of twelve shares of its stock. The ownership of the stock was evidenced in the usual way, by a pass book, in which were entered the weekly payments required to be made by the by-laws. These payments covered a period commencing November 4, 1896, and ending January 21, 1903, when the payments and profits aggregated $1,200, the par value of the stock. Plaintiff appellee, was then entitled to receive the value thereof in cash. Plaintiff had, however, on October 11, 1899, borrowed from the defendant association, so that defendant was entitled to deduct the amount of the loan from the maturity value of her shares.

At the time of the controversy out of which this litigation arose John C. Schumacher was secretary of the defendant association and was sick, and Henry D. Schumacher, one of the assistant secretaries, was acting in his place. Henry D. Schumacher was also a clerk in the office of Charles C.

Schumacher who, at the time in question and for many years prior thereto, was engaged in the insurance, loan and real estate business at No. 266 Blue Island avenue, Chicago. He also conducted, as the evidence shows, a safety deposit vault at the same place and received moneys on deposit for which, in some cases, he issued his certificates of deposit and in others pass-books such as are used in savings banks.

The regular meetings of the board of directors of appellant association were held on Wednesday evening of each week at Workman's Hall, on the corner of Twelfth and Waller streets, in Chicago, and this was the regular time and place where dues were received by the association and where the other business of the association was transacted.

For the convenience of a few of the members Henry D. Schumacher while he was acting as secretary had received dues from them at Charles C. Schumacher's office during the week, and among those so accommodated was the plaintiff, appellee, who sometimes, but not often, had paid her dues there.

On the morning of Wednesday, February 4, 1903, plaintiff went to the office of Charles C. Schumacher, at 266 Blue Island avenue, where she found Henry D. Schumacher, the assistant secretary of the defendant association. She told Henry D. Schumacher that she would not be able to go to the meeting of the building association on that evening and requested him to draw her money from the association for her and bring it to that office. Thereupon Henry D. Schumacher drew up an order on the treasurer of appellant on the printed form used by the association, directing the treasurer to pay the plaintiff, appellee, $1,200. At the foot of the order blank was a printed form of receipt to be signed by the payee when the order was paid. This order was drawn by Henry D. Schumacher upon the supposition that its issuance would be authorized by the board of directors at the meeting to be held that evening. He caused the plaintiff to sign the receipt at the foot of the order, so that he might be enabled to draw the money for her. The stock in question had matured some time previously and

there was some interest due upon it, for which another order, similar to the one above referred to, was prepared at the same time and in the same way. This latter order was for $5.01.

At the same time Henry D. Schumacher caused the plaintiff, appellee, to sign her name in blank on a page of the pass-book for the purpose of having a receipt required by the association placed above the signature. This was done, because the rubber stamp containing the proper form was not at hand, but was kept at the association's place of meeting.

On that evening Henry D. Schumacher took the two orders with the plaintiff's pass-book to the meeting and presented the matter to the directors. A motion was passed by the directors authorizing the payment of the money. The orders were thereupon completed by affixing the signature of the president and the rubber stamp was placed over plaintiff's handwriting in the pass-book and filled out to show the receipt of $1,205.01, and the orders as signed and containing plaintiff's receipt for the money were thereupon, at the meeting, handed over to the treasurer for payment. For some reason which does not appear the treasurer did not pay the money that night, but on the following morning, which was Thursday, he called at 266 Blue Island avenue and, Henry D. Schumacher being absent, left with the book-keeper for him a check for $955.01, payable to the order of plaintiff, and upon Henry D. Schumacher's return to the office the check was turned over to him by the book-keeper. This check was made at that amount, because the plaintiff owed the association $250, which the treasurer deducted from the amount of the voucher.

On the following day, Friday, appellee called at 266 Blue Island avenue for the money. She told Henry D. Schumacher that she had some bills to pay, after deducting which there would still remain $650, and that she did not need the money. Henry D. Schumacher then said, "If you wish you can leave it here and draw four per cent." This she said was all right and Henry D. Schumacher then

took the book of Charles C. Schumacher containing the printed or engraved forms of certificates of deposit used in the latter's office and filled out and signed with the name of Charles C. Schumacher a certain certificate of deposit as follows:

"$650.00.                                              No. 2321.
CHAS. C. SCHUMACHER,
Real Estate, Loan and Insurance.
266 Blue Island Avenue, Cor. Washburn Ave.,
CHICAGO, Feb. 6th, 1903.
Margaret Walsh has deposited with me six hundred fifty and no-100 dollars.   Payable to herself or order six months from date hereof with interest at the rate of four per cent. per annum on presentation of this certificate properly endorsed.
CHAS. C. SCHUMACHER."

Henry D. Schumacher had the plaintiff write her name on the stub in the book for the purpose of having her signature on file for identification, and delivered to her the certificate of deposit. The check was then endorsed by the plaintiff and was placed in the cash drawer of Charles C. Schumacher with the other funds of the latter and was in due course of business deposited in the latter's bank and was ultimately returned to Mr. Loebstein, the treasurer of the association, as a paid and cancelled check.

The difference between $650 and the amount of the check was paid to the plaintiff by Henry D. Schumacher at that date, and as to the latter amount there is no controversy.

GEORGE W. HESS, for appellant.

JAMES LINDEN and ARTHUR S. NATHAN, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

It is contended by appellant that the verdict and judgment is not only contrary to the evidence, but is so grossly at variance with all the facts in the case as to prove that the jury were influenced in their decision by sympathy for the plaintiff or prejudice against the defendant, or perhaps

both.    And it is urged that the trial judge committed error in refusing to grant a new trial.

On the part of appellee it is urged that after the appellant association paid the money, Mrs. Walsh, the plaintiff, informed the assistant secretary, Henry D. Schumacher, that she had no immediate use for the money and that she wished to leave it with the appellant association and that she was informed by Henry D. Schumacher that she could do so and that she would receive four per cent. interest.

It may be conceded under the evidence in the case that appellee understood that she was leaving her money with the association, although the papers which she received clearly informed her that she had deposited her money with Charles C. Schumacher and had received his individual certificate of deposit.    No evidence appears in the record tending to show that Henry D. Schumacher or John C. Schumacher, the secretary of the defendant, was authorized by the association to receive money of depositors who had ceased to be members of the association upon deposit.

There is no evidence in the case that any fraud or deception was practised upon the plaintiff in the matter of the deposit of the money.    While appellee testifies to precise language, from which it would appear that she specifically stated that she wished to leave the money in the hands of the building association, we do not regard her testimony in that respect as of very much weight, for the facts show that she wished to withdraw the money from the building and loan association and went to Henry D. Schumacher for that purpose and executed the necessary papers.    Her testimony is in many respects contradictory and unsatisfactory.

The evidence clearly tends to prove that the association paid the money due to appellee to her and that she received the money by means of a check which was endorsed by her and was duly paid and cancelled in the ordinary course of business.    It is not claimed in her behalf in this court that she did not endorse the check.    Appellee, therefore, must be held to have received the money due to her from the association, and that the association was thereby relieved

from any further responsibility or obligation to appellee. The secretary under the law had no power to receive any portion of the money on deposit after Mrs. Walsh had ceased to be a member of the association, and the association itself had no right to borrow the money.

It appears very clearly from the evidence that the plaintiff deposited her money with Charles C. Schumacher. The certificate of deposit which she received contained his name in large letters and was an explicit and clear document, not susceptible of any connection in any way with the association.

The record shows that when the association learned that the plaintiff, Mrs. Walsh, claimed that she had not received her money, it appointed a committee which met with Mrs. Walsh at the office of Charles C. Schumacher, for the purpose of finding out if her name had been forged to the receipts and check. At this meeting the documents were shown to Mrs. Walsh and she denied her signature to them, but her daughter, who was present, told her mother that it was her genuine signature. On the stand the daughter denied this, but this denial is contradicted by every other person who was present.

The case of Columbus Building Association v. Kriete, 192 Ill. 128, is somewhat similar in its facts, and involved the principles of law which must be applied to the case before us. In that case the secretary of the association received the money of several members of the association on deposit, and it was claimed that the money was deposited with the association and that the association was liable to the depositors for the money which they had respectively deposited with the secretary. The facts in the case seem to make it a stronger case against the association than the facts in this case. It was held, however, that the association did not in fact receive the deposits, or any part of them, and that the secretary did not have the authority from the association to receive the deposits and was not held out by the association as having such authority; and as the association did not authorize the receipt of deposits

and did not receive the benefit of them, it was not estopped to deny its liability and it was not bound by the unauthorized acts of the secretary, and that the claimants were not entitled to be reimbursed out of the assets of the association.    This, we think, must be the conclusion in the case at bar.

The jury were fully instructed as to the law applicable to the case.    The substantial facts were undisputed.    They show no liability of the association to Mrs. Walsh, and the verdict and judgment are contrary to the facts and the law. The court erred in overruling the motion for a new trial. The judgment is, therefore, reversed, but the cause is not remanded.

*Reversed with finding of fact.*