[No. 7102.]

HANCOCK v. CENTRAL SHOE AND CLOTHING CO. ET AL.

1. LANDLORD AND TENANT—*Tenant Holding Over—Nature of the Tenancy*—Where a tenant for years holds over, an intention on his part merely, that the tenancy shall be one from month to month, is not sufficient to establish such change. But where for months before and down to the expiration of the term, the landlord has encouraged the tenant that certain improvements which the tenant demanded as a condition of remaining would be made, it was held that the mere holding over of such tenant for a single month, after the expiration of his tenancy, would not have the effect to bind him to continue the payment of rent to the end of the year.

2. ——*Notice to Quit*—Under sec. 2606 of the Revised Statutes notice to quit is not necessary to or from a tenant whose term, by contract, expires at a day certain.

*Error to Gilpin District Court.*—Hon. CHARLES McCALL, Judge.

Messrs. FULLERTON & FULLERTON, Mr. H. A. HICKS and Mr. L. J. WILLIAMS, for plaintiff in error.

Mr. WILLIAM C. MATTHEWS and Mr. JAMES M. SERIGHT, for defendants in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The estate of Hancock, deceased, and a Mr. Jenkins were the owners of a store building in Central City. On the third day of July, 1897, the executrix of the estate and Jenkins leased the premises to The Central Shoe and Clothing Company for a period of three years from the first day of that month, at an agreed rental of seventy-five dollars per month, payable at the end of each month. At the expiration of the lease, the lessee continued in possession, with the consent of the lessors, until the thirty-first day of July, 1904. Prior to vacating the premises, and on the first day of July, 1904, the lessee notified the lessors, in writing, that on or before the 31st day of the month it would vacate and give up possession of the leased premises. All rent down to the time

the premises were vacated was paid by the lessee. In due time, the executrix commenced suit against the lessee to recover one-half of the rental of the premises at the rate of seventy-five dollars a month, for the eleven months beginning August 1st, 1904. Jenkins, the other co-owner, did not join in the action, it being alleged in the complaint that he refused to do so, and that for this reason he was made a defendant. The answer consisted of several defenses, only two of which will be considered. They are to the effect that after the expiration of the written lease, the defendant became a tenant from month to month, at an agreed rental of seventy dollars per month, and that in the spring of 1904, defendant requested certain improvements and repairs to be made, at the same time informing the lessors that if they were not made, it would vacate the premises, and as they were not made, the defendant caused the notice above mentioned to be served, and, on the 31st day of July, 1904, vacated the building.

The testimony on behalf of the plaintiff was to the effect that for a considerable period prior to July 1st, 1904, the agent for the premises had been collecting the rent at the rate of $70.00 a month, although it appears that when these payments were made, although it appears that when these payments were made, he insisted on giving a receipt for $75.00. We do not regard this, however, as of any material moment. Giving a receipt for a different sum from that paid could not in any manner affect or change the rights of the parties. His purpose in giving such receipt, so he states, and as he advised the representative of the defendant, was to conform to the terms of the original written lease. On behalf of defendant, its representative testified that when the rent was reduced to $70.00 a month he asked the agent why he gave him a receipt for $75.00, when he only received $70.00, to which he replied: "There are some things you don't understand. I do that to comply with the terms of the lease." Defendant's representative said: "We have no lease. Our lease has expired some years ago. We are now monthly tenants, the same as

we were before the lease was entered into." It does not appear from the testimony that the agent ever assented to the claim that the lessee was a monthly tenant.

The representative of the defendant testified that in April, 1904, he requested the agent of the lessors to make improvements in the way of a new front, and informed him that unless this request was complied with, the defendant would vacate the building. The agent and Mr. Jenkins shortly afterwards examined the building. Jenkins seemed inclined to consider the request favorably, and stated that he would make an estimate of the cost, and let the witness know later. The lessors had a contractor measure the building and make an estimate of the cost of the proposed improvement. Afterwards the agent and witness had a conversation, in which the agent stated that Jenkins said the front could be put in for about $250.00; that he had written Mrs. Hancock about the matter, and she had replied that if her share would not exceed $200.00, to go ahead, and make the repairs requested. Several times the agent and Jenkins talked with witness about the front that should be put in. July 1st, the witness called on the agent, and stated to him that he was tired of waiting; that the matter of repairs had been running along for about three months, and asked him if he had decided what he was going to do. He said no, that he had to confer further with Mrs. Hancock, and it would be several days before he could give him a definite answer. Witness then had the notice prepared and served, to which we have referred. It does not appear that the lessors ever made or offered to make the proposed repairs. On the contrary, according to the replication filed by plaintiff, their purpose, as appears from a notice they served upon the lessee, in July, 1904, was to hold it liable for rent for the period of one year from the first day of the month of that year, upon the theory that it was a tenant from year to year.

The case was submitted to a jury, with the result that a verdict was rendered in favor of the defendant, on which a

judgment was entered, which the plaintiff brings here for review on error.

The case was, apparently, tried on the theory that defendant, by holding over and occupying the premises after the expiration of the written lease, in the absence of a new agreement, became a tenant from year to year. The theory appears to have been adopted by both parties; and conceding, but not deciding, that this is correct, the question to determine is, whether, from the testimony, the jury, under the instructions given by the court, was justified in returning a verdict for the defendant.

On behalf of plaintiff in error it is urged that the court erred in refusing to direct a verdict for the plaintiff, for the reason that, according to the testimony, it appeared that defendant was a tenant from year to year, and not having given the requisite notice to terminate such tenancy prior to the first day of July, 1904, it became responsible for the unpaid rent for one year after that period.

It may well be conceded that the testimony is not sufficient from which to infer that at the time the rent was reduced to seventy dollars per month the parties agreed that the tenancy should thereafter be regarded as from month to month. It does not appear that the agent of the lessors assented to such an arrangement. True, the representative of the defendant testified he informed the agent that the tenancy was a monthly one, but proof of an intention on the part of the tenant alone that the tenancy is different from what it, in fact, is, is not sufficient to establish that it was changed. 24 Cyc. 1033.

The case, however, does not turn on this proposition alone. The court instructed the jury that if they believed from the evidence that before the first day of July, 1904, the tenant had notified the lessors that it wanted certain improvements made, and that if they were not made, the building would be vacated, and that if they further found that the lessors so acted as to lead the defendant to believe that the requested improve-

ments would be made, and that the tenant so believed, then their verdict should be for the defendant. This instruction was excepted to by the plaintiff, but we think it was substantially correct. Conceding, but not deciding, because unnecessary, that a tenant who enters into a written lease with the lessor for the period of three years, by continuing to occupy the premises with the consent of the lessor, and without any new agreement, becomes a tenant from year to year, then it follows that each term thus created expires by limitation at the close of each current year.—*Adams v. City of Cohoes,* 53 Hun 260; *Gladwell v. Holcomb,* 60 Ohio St. 427; so that the tenancy which the plaintiff claims existed expired by limitation on the first day of July, 1904, and under the statute relative to notices regarding the termination of a tenancy, sec. 2606, Rev. Stats., notice to quit was not necessary, to or from a tenant, whose term is, by contract, to end at a time certain.

The only question remaining, then, is whether the occupation of the premises by the tenant for the month of July, 1904, bound it to pay rent for another year. The tenant had informed the agent of the lessors that unless the improvements requested were made, the building would be vacated. We think the conduct of the lessors was such that the jury might well infer that the tenant was induced to believe that the improvements would be made, as requested. They were not. The last time the representative of the tenant called on the agent of the lessors, which was on the first day of July, 1904, when, according to the claim of plaintiff, a new period for one year had commenced, and asked him what they intended to do with respect to the improvements, he was told that they had not yet made up their minds, and could not give him a definite answer for a few days. The tenant then had a notice served upon the lessors that it would vacate the building on July 31st. The lessors never offered to make the improvements, but evinced the intention of holding the tenant responsible for rent for a year, without complying with its request, which, from the testimony, it can fairly be inferred the lessors had

induced the tenant to believe would be complied with.   In such circumstances, we are of the opinion that the occupation of the premises for July, 1904, by the tenant, with notice to the lessors on the first day of the month that they would be vacated at the end of that month, and were so vacated, did not bind it to pay rent for another year.

As applied to the facts of this case, we hold that a lessor, with notice from his tenant that the leased premises will be vacated unless certain improvements are made, who leads the tenant to believe down to the time when the lease will expire by limitation that they will be made, will not be permitted to claim that the occupation of the premises by the tenant for a reasonable time after the expiration of the term without offer on the part of the lessor to make the improvements, creates an obligation on the part of the tenant to pay rent for a period beyond which the premises are actually occupied.—*Abeel v. McDonnell*, 87 S. W. 1066.

On behalf of the defendant, it is contended the action cannot be maintained by plaintiff for the reason that she was attempting to recover only her share of the rent, when the obligation of the defendant, if any, was a joint one to the lessors. We do not deem it necessary to consider this and other questions urged by counsel for the defendant.   It appears from the practically undisputed evidence that the verdict and judgment are eminently just on the merits, and it is, therefore, unnecessary to consider either of these propositions.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Mr. Justice Musser and Mr. Justice Hill concur.