[No. 7933.]

SOWERS ET AL. v. JOHNSON ET AL.

1. EQUITY PRACTICE—*Bill of Review*, does not lie to a decree by consent. (260.)

2. PLEADINGS—*Agreement Waiving.* Parties may by agreement submit to determination controversies not presented by the pleadings. (260.)

*Error to Denver District Court.* HON. GEORGE W. ALLEN, Judge.

Mr. HENRY J. HERSEY and Mr. PHILIP W. MOTHERSILL, for plaintiffs in error.

Mr. HALSTED L. RITTER and Messrs. DANA & BLOUNT, for defendants in error.

TELLER, J., delivered the opinion of the court.

Plaintiffs in error were plaintiffs below in a suit by which they sought to have established, by a decree of court, that a series of transactions between them and the defendants, other than Johnson,—beginning with a loan to plaintiffs, constituted an equitable mortgage. During the progress of the suit the plaintiffs twice asked leave to file a supplemental complaint, setting out that the defendants had, without right, extracted valuable ores from the property of plaintiffs which had been conveyed to defendants as security for said loan. These applications were denied.

After answer and replication the cause was tried, and a decree entered. In the findings of the court it is recited that the parties had agreed in open court that the plaintiffs were entitled to redeem within six months, from date of decree, and that all had agreed to submit to the court the

question of the accounting for the ores taken from said mining properties by the defendants, other than Johnson.

The court found that the plaintiffs had no claim, right or demand against the defendants on account of the ores taken from the mining properties, and that they had relinquished, by an agreement made in open court, all demands against defendants for such accounting. The decree, upon these points, followed the findings.

The court, by the decree retained jurisdiction of the cause "for the purpose of said redemption, or foreclosure, as the case may be," and the cause was continued for further hearing on those matters. The court found the amount due on the mortgage, that the plaintiffs had made default in their agreed payments, and decreed a foreclosure in case the plaintiffs failed to redeem in six months.

It was recited in the decree that all parties had in open court consented to it, and had waived all objections thereto.

This decree was dated March 9, 1912.

On September 7, 1912, plaintiffs in error filed in the District Court, their Bill of Review, alleging that the court had no jurisdiction to adjudicate the matter of accounting against defendants for such accounting. The decree, upon these points. followed the findings.

Upon hearing, the bill was dismissed, and thereafter a supplemental decree was entered for the foreclosure of the equitable mortgage. Plaintiffs in error allege that there was error in the dismissing of the bill of review, and in the supplemental decree of foreclosure. It is strongly argued that the bill of review should not have been dismissed, because it showed errors on the face of the record of the cause tried, in this:

1. That the defendants were not entitled to the affirmative relief granted them in the decree for foreclosure, inasmuch as they filed no cross-bill; but, on the contrary, in their answer denied the existence of the mortgage, and asked to be dismissed from the cause.

2. That the court, having denied the application for leave to file the supplemental complaint for an accounting as to the ores taken from the mortgaged property, in its finding and decree adjudicated a matter not made an issue in the pleadings.

Under the authorities cited by counsel their contention as to both of these points would be good, if the right to raise these questions had not been waived.

The decree was by consent and, that being so, it can not be attacked by a bill of review.

The authorities which are cited to the point that consent does not confer jurisdiction do not apply. They refer to cases in which the court did not have jurisdiction of the subject matter, and in such cases it needs no argument to show that litigants cannot confer on courts what the law has withheld.

In this cause, however, the parties agreed that the court might consider and determine what it might have determined had the parties by the pleadings called upon it so to do. What they could have done by their pleadings they did by agreement in court, thus reverting to the early practice at common law, when the matters to be litigated were presented orally, and reduced to writing by the clerk. This submission of the new matter was followed by consent to and acceptance of the terms of the decree.

It is true that in *Boggs v. Merced M. Co.,* 14 Cal. 279, Justice Field suggested that an objection might have been made, but was not, that the court could not properly pass upon a question not raised by the pleadings, even on consent of the parties.

This *dictum,* if it be entitled to be considered as *dictum,* is offset by the fact that years later, the United States Supreme Court, while Justice Field was a member thereof, laid down the contrary rule in *Thompson v. Maxwell Land Grant Co.,* 95 U. S. 391, 24 L. Ed. 481. This was a suit

brought to establish an equitable interest in lands, and for a partition thereof.

The parties, during the progress of the suit, agreed upon a settlement, and a decree was made by consent. It was not based upon the pleadings and evidence in the cause, and was not in pursuance of the relief sought by the bill. The court said: "The decree sought to be set aside and reversed was a consent decree. It is a general rule that against such a decree a bill of review will not lie. * * *

A decree for carrying out a settlement and compromise of a suit is certainly of itself not erroneous. When made by consent it is presumed to be made in view of the existing facts, and that they were in the knowledge of the parties. In the absence of fraud in obtaining it, such a decree cannot be impeached."

To the same effect, see *Cooch v. Cooch,* 18 Ohio 146, and *Watts v. Rice,* 192 Ill. 123, 61 N. E. 337.

The foreclosure was ordered in the decree to which the plaintiffs consented, and the subsequent proceedings were in pursuance of the decree.

The dismissal of the bill of review was not error, and the judgment is affirmed.

GARRIGUES, J., and HILL, J., concur.

Decided March 1, A. D. 1915.

Petition for rehearing denied *en banc,* June 7, A. D. 1915.