No. 13,975.

CITIZENS INDUSTRIAL BANK *v.* LINDSLEY, Justice of the Peace.
(61 P. [2d] 587)

Decided September 28, 1936.

Mr. James T. Burke, Mr. E. J. Plunkett, for plaintiff in error.

Mr. Teller Ammons, Mr. Robert J. Kirschwing, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

An action in mandamus to compel a justice of the peace to issue execution on a judgment of his court. Demand for the issuance of the execution was refused by the justice on the ground that the judgment was void. The holder of the judgment petitioned the district court for an alternative writ of mandamus, requiring the respondent to issue execution, which upon hearing was denied, and to reverse this order and judgment, the writ of error herein is prosecuted. Reference will be made to the parties as plaintiff and defendants.

Plaintiff instituted an action in the justice court of James N. Sabin, one of the two justices of the peace in and for the City and County of Denver, June 21, 1935, by causing a summons to issue against four defendants to recover a demand of $300 and costs. July 23rd, following, and previous to trial, one of the defendants, availing himself of the statute provided in such cases, filed in court his affidavit stating that he could not have a fair and impartial trial before the said James N. Sabin, and asking for a change of venue to the nearest justice of the

peace. In performance of his statutory duty, Sabin immediately transmitted all papers and documents in the matter to Henry S. Lindsley, the nearest justice of the peace, who received the case and after two continuances, set August 19th as the date for trial. Prior to this date, Lindsley, intending to be absent from the city and county, requested Sabin, the next nearest justice, to serve, as provided by section 6220, Compiled Laws of 1921, which is as follows:

"That whenever a justice of the peace before whom an action is pending, is unable, on account of sickness or absence from the county, to attend at the time and place fixed for the trial before such justice, the next nearest justice of the peace within the county may, at his request, attend at the time and place fixed for the trial and continue the cause to some other day, which shall not be more than ten days, or, if the parties shall agree, may hear the cause instead and in behalf of the justice calling him; and the judgment so entered shall have the same force and effect as if rendered by the justice before whom the action is pending."

In response to Lindsley's request, Sabin, the justice from whom a change of venue had been requested and granted in the case here involved, on August 19th, attended to the business of Lindsley's court, and among other things, received testimony in proof on default by nonappearance of defendants in the case in question, and entered judgment thereon in the sum of $184.55 and costs. October 29th, 1935, the plaintiff made partial satisfaction of the judgment after admitted voluntary payment of the sum of $165. To collect the balance of the judgment and costs, plaintiff, December 17th, caused execution, and garnishment in aid thereof, to issue. After service and return, two of the defendants appearing before Lindsley, who had issued the execution, filed a motion to quash the execution and for release of the garnishee basing their motion on the ground that the execution was issued upon a void judgment. Lindsley

sustained the motion, quashed the execution and released the garnishees, and this mandamus action followed.

■ ■ Plaintiff contends that the judgment still stands since it has not been set aside; that it cannot be attacked, as here, by a collateral proceeding, and that defendants' remedy was by appeal or certiorari. The real question is: Was the motion to quash the execution properly sustained? If the execution was issued on a void judgment, then its validity may be attacked as here, by motion to quash in the court where issued. *Irwin v. Beggs*, 24 Colo. App. 158, 132 Pac. 385. A disposition of the motion and not the judgment rested upon the determination of the validity of the judgment. Sabin, in substituting for Lindsley, either did or did not have jurisdiction to enter the judgment. He did not have jurisdiction unless it was specifically given him by statute. Justices of the peace courts are of limited jurisdiction; the inherent powers of courts of record are withheld from them and the statutes prescribing duties of justices of the peace and fixing the jurisdiction of justice of the peace courts must be strictly construed. For the purposes of this case, a construction of section 6220, supra, might not be as clear as the plain words of the statute itself, however we content ourselves by holding that section 6184, C. L. 1921, controls this case. It is as follows:

■ ■ "Previous to the commencement of any trial before a justice of the peace the defendant, or his or her agent, may make oath that it is the belief of such deponent that the defendant can not have a fair and impartial trial before such justice, whereupon it shall be the duty of the justice, upon payment of his fees for such change of venue only, immediately to transmit all papers and documents belonging to the suit, to the nearest justice of the peace, who shall proceed as if the suit had been instituted before him; Provided, That where the nearest justice of the peace shall be disqualified or for any reason shall be unable to act, if affidavit for

240

change of venue shall state that the nearest justice of the peace is related to the parties or either of them, within the third degree, or is a material witness in the action, or is sick, or is absent from the state, the justice of the peace shall transmit all papers in said case to the next nearest justice of the peace, who shall proceed as if the suit had been instituted before him; and, Provided, further, That where change of venue is taken in all cases of forcible entry and detainer, or forcible entry or forcible detainer, the parties so taking change of venue shall give a bond with good and sufficient sureties for the payment of all rents to become due from and after the date of the application for any change.''

When the oath mentioned in the above section was filed in this cause, accompanied by tender of the fees for change of venue, the justice, Sabin in this case, was stripped of all powers, except to enter the order of transmittal. A jurisdiction that might result in an unfair judgment was sworn away by defendant. If this obtained, it could not be restored by the request of the next nearest justice. Once thus disqualified, the justice remained disqualified for every purpose of the case, even to the end that he, as substitute justice, could not enter a continuance as provided in section 6220, supra. His fairness had been challenged and the protection afforded defendant by statute, he had a right to insist should follow throughout the case. An arbitrary continuance granted by the disqualified justice, might if he was allowed to act, be as unfair to defendant as any other ruling or order made by him in the case. It follows that Sabin, having been divested of all jurisdiction, for even the slightest further participation in the case, the judgment was entered by him wholly without authority and it therefore is void. True, by payment on this invalid judgment, defendant consented to everything which consent could validate, but jurisdiction in this case would not be conferred by consent. *Sowers v. Johnson,* 59 Colo. 258, 149 Pac. 248. The execution issued on this void

judgment was correctly quashed, and mandamus will not lie in aid of such a situation. *Cramer v. McDowell,* 6 Colo. 369.

Nothing contained herein is to be construed as a criticism, since it is apparent that the actions of the officers and parties were in the best of faith.

Judgment affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BURKE concur.