## No. 16,269.

MAHANEY ET AL. *v.* FIELD ET AL.
(211 P. [2d] 827)

Decided October 24, 1949.

Messrs. COLE & COLE, for plaintiff in error Joe Mahaney.

Mr. WM. ATHA MASON, Mr. JOHN F. WILSON, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

The parties to this litigation are before us in reverse order of their appearance in the trial court and will be hereinafter designated as plaintiffs and defendants.

Plaintiffs instituted this action before James G. Cayton, a justice of the peace in Garfield county, to recover possession of real estate. Summons in forcible entry and detainer was served upon defendants on March 18, 1949, commanding them to appear before the said justice of the peace on March 22, 1949, at 2:00 o'clock P.M. On said last mentioned date defendants appeared and shortly prior to 2:00 o'clock P.M. filed their affidavit for change of venue. Justice of the peace Cayton granted the change of venue and transferred the cause to justice of the peace J. H. Barley.

On March 24, 1949, plaintiffs filed their motion for default judgment alleging, "That the defendants have not filed their answer with the court on or before the return day as specified in the summons on file in this action, as required by sections 10 and 13, Chapter 70, C.S.A." Defendants appeared at the hearing upon the motion for default judgment held March 26, and thereupon tendered an answer to plaintiffs' complaint. The tendered answer was not verified. The justice of the peace refused to permit filing of the tendered answer and granted the motion for default, and, after plaintiffs gave testimony supporting the allegations of the complaint, judgment was entered awarding possession of the real estate to plaintiffs. The case was appealed to the county court of Garfield county where the court found the defendants were in default in the justice court, and were likewise in default in the county court, for two reasons: first, an answer was not filed on or before the return day named in the summons; second, the answer thereafter tendered was not verified. Judgment was ac-

cordingly entered in favor of plaintiffs and against defendants for possession of the property, and costs.

Defendants seek reversal here by writ of error. They contend that after the filing of the affidavit for change of venue the original justice of the peace did not have jurisdiction to receive an answer even though one had been tendered after the affidavit was filed; that his only function then was to transmit the case to the nearest justice of the peace; that the filing of the affidavit for change of venue in legal effect adjourned or delayed the hearing date and extended the time for filing of the answer; and that the tender of the answer upon the date fixed for the trial before the justice of the peace receiving the case upon the change of venue was in apt time. Defendants further contend that even though the answer tendered was not verified, the defect, if any, was waived by the plaintiffs since no objection was made to the answer in the trial court upon that ground, and, aside from the matter of waiver of the verification, defendants contend that the answer might have been verified after the same was filed and the defect thereby be cured. Defendants further contend that the complaint upon its face is insufficient to warrant judgment for the reason that the notice to vacate, attached to the complaint, stated no grounds for plaintiffs' right to possession as required by section 6, chapter 70, '35 C.S.A.

The pertinent statutes are as follows:

1. Section 10, chapter 70, '35 C.S.A., which provides in substance that the complaint in such an action must contain upon its face a copy of section 13, hereinafter quoted, together with a notice to defendant that an answer must be on file with the clerk of the court on or before the return day specified in the summons, or judgment by default will be taken against the defendant.

2. Section 13, chapter 70, '35 C.S.A., which provides, "The answer of the defendant shall be in writing and verified by the oath of the defendant, his agent or attorney, and shall set forth all the substantial facts upon

which he relies, entitling him to the possession of the property described in plaintiff's complaint, and shall either specifically admit or deny all the material facts set forth in such complaint."

3. Section 154, chapter 96, '35 C.S.A., which provides, inter alia, that, "Previous to the commencement of any trial before a justice of the peace the defendant, or his or her agent, may make oath * * *," stating in substance that a fair trial cannot be had before the justice of the peace before whom the case is pending, and that thereupon it shall be the duty of the justice before whom the affidavit is filed "immediately to transmit all papers and documents belonging to the suit, to the nearest justice of the peace."

Questions to be Determined.

■ First: *In a justice court action for forcible entry and detainer in which no answer is filed on or before the return day fixed in the summons, and in which the defendant files an affidavit for change of venue, may judgment by default be entered against defendant for failure to file his answer on or before the return day specified in the summons?*

The question must be answered in the affirmative. In *Citizens Industrial Bank v. Lindsley,* 99 Colo. 236, 61 P. (2d) 587, we stated: "Justices of the peace courts are of limited jurisdiction; the inherent powers of courts of record are withheld from them and the statutes prescribing duties of justices of the peace and fixing the jurisdiction of justice of the peace courts must be strictly construed."

By invoking the provisions of section 154, supra, defendants were not relieved from the necessity of filing a verified answer on or before the return day named in the summons, as provided by sections 10 and 13, chapter 70, '35 C.S.A. Until the verified answer of defendants is filed in compliance with the statute there is no issue to be tried by any justice of the peace and no issue to be

transferred to another justice of the peace on change of venue.

The defendant in a forcible entry and detainer action before a justice of the peace may take a change of venue at any time before "the commencement of the trial." The strict construction which we must give to the statutes applicable to justice court procedure requires that a defendant shall comply with all pertinent statutory provisions. To hold that the filing of an affidavit for a change of venue enlarged and extended the time for an answer would be to read into the statute a provision which does not appear therein, and thus create an inconsistency between two sections of the law. Actually there is no inconsistency between the section regulating changes of venue and that requiring an answer at or before a stated time. A defendant desiring a change of venue can easily comply with both provisions, either by filing his answer prior to the affidavit for a change of venue, or by taking the change of venue sufficiently in advance of the time fixed for answer to permit the same to be filed, within that time, before the justice of the peace to whom the action is transferred.

■ Second: *In a forcible entry and detainer action before a justice of the peace, where an unverified answer is tendered by defendant after a change of venue has been taken and after expiration of the return date fixed by the summons, will a default judgment against him be sustained?*

The question is answered in the affirmative. As already stated, justice of the peace courts have peculiar and limited jurisdiction and justices can exercise only the specific powers conferred upon them by statute. One seeking the exercise of the power conferred upon a justice of the peace must follow strictly the statutory procedure promulgated by statute. Section 13, chapter 70, '35 C.S.A., specifically provides that, "The answer of the defendant shall be in writing and verified by the oath of the defendant, his agent or attorney * * *."

In *Fort v. Demmer,* 91 Colo. 285, 14 P. (2d) 489, a forcible entry and detainer action in which no answer was filed in the justice of the peace court, we stated: "Plaintiff filed his written verified complaint, as provided by section 6375, C.L. 1921, for commencing proceedings under the unlawful detainer act in the justice of the peace court, but defendant failed to file her written verified answer setting forth all the substantial facts upon which she relied entitling her to possession of the property involved in the action. *Joss v. Hallett,* 39 Colo. 392, 395, 89 Pac. 809; *Babnik v. Culig,* 89 Colo. 449, 450, 3 P. (2d) 801. There was, therefore, no issue to be tried by either the justice of the peace court or the county court, and defendant was wholly in default in both these tribunals."

In the case of *Perras v. Denver & Rio Grande R.R. Co.,* 5 Colo. App. 21, 36 Pac. 637, a provision of the Civil Code was considered. The code provided that, "When any pleading is verified every subsequent pleading, except a demurrer, must be verified also." The plaintiff filed a verified complaint. The defendant filed an unverified answer. In holding that the trial court committed error in overruling plaintiff's motion for judgment by default, the Court of Appeals said: "This requirement is mandatory, imperative, and cannot be ignored. An unverified pleading is a nullity. It is the duty of the pleader to tender issues by a verified plea to comply with the code provision."

In view of the rule requiring strict construction of statutes governing the practice before justices of the peace, we cannot escape the conclusion that an unverified answer to a verified complaint in forcible entry and detainer actions is a nullity, and of no force or effect. When such an answer was tendered after the expiration of the time within which a valid answer could properly have been filed, the court committed no error in refusing to accept it.

■■ *In a forcible entry and detainer action in a*

*justice of the peace court, where no answer is filed by defendant, and where it is alleged in the complaint that defendant went into possession under a lease for a term certain, can the defendant defeat plaintiff's recovery on the ground that no legal notice of termination of the tenancy was served?*

The question is answered in the negative. The complaint in this cause alleges that, "the said premises were orally leased by the plaintiffs to the defendants from March 1, 1948 to March 1, 1949," at a crop rental. This allegation, unchallenged by any pleading on behalf of defendants, rests the case of the plaintiffs on a tenancy for a fixed term, which expired on a day certain. It is unnecessary under such circumstances for the lessor to serve a notice of termination of tenancy prior to suit to recover possession of the property. We stated in *Hancock v. Central Shoe & Clothing Co.,* 53 Colo. 190, 125 Pac. 123: "* * * the tenancy which the plaintiff claims existed expired by limitation on the first day of July, 1904, and under the statute relative to notices regarding the termination of a tenancy, sec. 2606, Rev. Stats., notice to quit was not necessary, to or from a tenant, whose term is, by contract, to end at a time certain."

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE JACKSON concur.