No. 16,487.

FRANKLIN ET AL. *v*. MACEDONIA BAPTIST CHURCH.
(231 P. [2d] 793)

Decided April 9, 1951. Rehearing denied May 21, 1951.

PER CURIAM.

Judgment affirmed en banc without written opinion.

Mr. GEORGE G. ROSS, for plaintiffs in error.

Messrs. McDOUGAL & KLINGSMITH, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A FORCIBLE entry and detainer action instituted in the district court pursuant to chapter 70, 1935 Colorado

Statutes Annotated, in which plaintiff (defendant in error) sought to recover possession of described real property, and a judgment for unpaid rental. Plaintiff enjoyed favorable findings and judgment. On review we concluded that error did not appear, and affirmed the judgment sans written opinion.

Counsel for defendants (plaintiffs in error), proceeding by petition for rehearing, and stressing one question, namely, the "legal jurisdiction of the parties, and the subject matter," and emphasizing statements by us in opinions called to our attention, urges that we write an opinion thereon. The circumstances considered, we are constrained to believe that counsel's request is reasonable, and, moreover, that formal exposition of our views on the point may be of value to the profession generally.

The point has genesis in the statutory chapter cited above, section 10 whereof provides, inter alia, that "The mode of commencing proceedings under the provisions of this chapter shall be by filing a complaint in writing, duly verified," etc. The complaint was not verified. Defendants' answer, filed pursuant to section 13 of said chapter, as should be noted, was verified.

The cause went to trial, and at the close of plaintiff's case, defendants, citing and emphasizing section 10 of the act, from which we quoted immediately above, moved to dismiss the case, for that, as said, inter alia, the "complaint * * * is unverified." Thereupon, counsel for plaintiff, invoking the discretion of the court, asked "leave to verify" the complaint, which was granted, and formal verification thereof followed. The trial proceeded to conclusion, with resolution as already stated.

The burden of defendants' contention is, that, since the statute requires that a complaint in an action, of the nature here under consideration, shall be verified, the requirement is of jurisdictional dignity, failing which the court was without jurisdiction, and an order of dismissal was imperative. In the Colorado authorities of defendants' reliance, we reviewed records of cases origi-

nating before justices of the peace. *Mahaney v. Field,* 120 Colo. 518, 211 P. (2d) 827, in which we reviewed earlier cases, is the one particularly emphasized in defendants' petition for rehearing. In that case we said: "Justice of the peace courts have peculiar and limited jurisdiction and justices can exercise only the specific powers conferred upon them by statute. One seeking the exercise of the power conferred upon a justice of the peace must follow strictly the statutory procedure promulgated by statute." In support thereof we quoted with approval the language employed by us in an earlier case, as follows: "Justices of the peace courts are of limited jurisdiction; the inherent powers of courts of record are withheld from them and the statutes prescribing duties of justices of the peace and fixing the jurisdiction of justice of the peace courts must be strictly construed." *Citizens Industrial Bank v. Lindsley,* 99 Colo. 236, 61 P. (2d) 587.

As the cases reviewed clearly indicate, had this case been begun before a justice of the peace, the point urged by defendants would be sound, and the court's denial of their motion to dismiss would constitute material error. But since it was instituted in the district court, Does a different rule apply? We are of that view. The distinction is emphasized in the statute itself, as is evidenced by sections 14 and 21 thereof. Section 14 reads in part: "Upon the trial of cases before justices of the peace, arising under this chapter, the proceedings shall be governed by the rules of practice and provisions contained in the statutes of this state concerning justices and constables," while it is provided by section 21 that, "In all actions brought under any provision of this chapter, in any court of record of this state, the proceedings shall be governed by the rules of practice and provisions of law concerning the trial of causes in such court."

■ ■ Not only does the distinction appear in the act itself, to which we have adverted, but the authorities generally, as we are persuaded, support that view. "The

plaintiffs' right to amend their complaint is granted by the code, which is to be liberally construed for the purposes of promoting the ends of justice. In such cases as this, where the jurisdictional averment is absent when the question is raised, the court will allow the defect to be cured by amendment." *Nelson v. Chittenden,* 53 Colo. 30, 123 Pac. 656. This case is cited with approval in *Colorado Investment & Realty Co. v. Riverview Drainage District,* 83 Colo. 468, 266 Pac. 501. "Amendments may relate to the correction of mistakes in pleadings, such as * * * the insertion of jurisdictional averments where these are necessary; the correction or addition of verifications." 41 Am. Jur., p. 497, §301. "That the right to amend extends to correcting or supplying a verification is recognized by all the authorities. * * * We need not stop to consider whether the verification is technically a part of the pleading—it is a part of it in the sense that it is required by statute in an action of this character." *Claussen v. Chapin,* 69 Mont. 205, 221 Pac. 1073.

In denying the motion of defendants to dismiss the action, and granting that of plaintiff to attach verification to the complaint at that point in the course of the trial, the court, as we think, proceeded within the limits of permissible judicial discretion vested in courts of record, and did not err.

Let the petition for rehearing be denied.