## KELLER, Administrator, *v.* KLOPFER.

1. In an action of unlawful detainer (R. S., p. 333, § 5), where the complainant alleges a tenancy and a holding over, and there is evidence tending to show that the defendant is in occupation under an agreement to purchase, *held*, not error to instruct the jury that, if they should find the defendant went in under an agreement to purchase, the plaintiff could not recover.

2. A verbal lease by a *feme covert* of her real estate, though with the concur‚ rence of her husband, is void.

3. Estoppels to be binding must be mutual.

### Error to District Court of Arapahoe County.

THE defendant in the court below had judgment. The case is stated in the opinion.

Messrs. BROWNE & PUTNAM, for plaintiff in error.

Mr. E. L. SMITH, for defendant in error.

BRAZEE, J.   This cause was commenced before a justice of the peace by the plaintiff's intestate, as landlord, against the defendant as tenant, holding over after the expiration of his time, without leave, under § 5, ch. 35, R. S., to recover possession of the premises, alleged to have been demised.

The lease set up in the complaint is the lease of Barbara Keller, the plaintiff's wife and intestate, to the defendant in 1869.  The plaintiff at bar, we presume, has been substituted by the proper order, in the place of his deceased wife, although the record does not show any suggestion of Barbara's death, nor any order substituting her husband and administrator in her stead as party plaintiff, and no point is made by counsel upon this informality in the proceedings.   The answer denies the lease averred in the complaint, and denies possession under it.  Evidence on the part of the plaintiff tended to show an entry by defendant under a verbal lease, and the evidence on behalf of the defendants tends to show an entry under a verbal contract of sale by Keller, or Keller's wife, to Klopfer, or Klopfer's wife.

The first point made by the learned counsel of the plaintiff in error is, that the court below erroneously charged the jury, " that if the defendant went into the possession of the premises in question, under an agreement for sale thereof by Keller, or Keller's wife, to Klopfer, or Klopfer's wife, then, whether the agreement of sale was in writing or not, the plaintiff cannot recover."

The ground of objection urged to this instruction is, because the property belonged to Keller's wife, and, therefore, he could not make a contract for its sale that would bind her, and that Klopfer's wife was not involved in the issue.

Assuming that Keller could not make a valid contract of sale, yet if he made an invalid sale, and defendant entered under it, the entry manifestly would not be an entry under a lease ; whether the sale was to Klopfer, or to Klopfer's wife, the result would be the same. The charge of the court in this respect was entirely proper.

The court also instructed the jury, "that if the alleged leasing by Keller's wife, to defendant, was verbal, and through the medium of her husband, acting as her agent, then, even though Keller was authorized to make such lease, or Mrs. Keller afterward ratified it, the relation of landlord and tenant was not created thereby, and the plaintiff cannot recover."

This instruction is assigned for error. It is to be borne in mind that there was no evidence given tending to show that the husband had been authorized, if at all, otherwise than verbally, to make the verbal lease. It is claimed by the learned counsel for the plaintiff, that a married woman at common law could lease her lands with the concurrence of her husband ; no authority is cited for this proposition, excepting section 101, Taylor's Landlord and Tenant, but that section lays down the doctrine, that the husband at common law had the right to take possession, lease and receive the rents and profits of his wife's lands during the life of the wife, and if a living child be borne of the marriage, during his life. This right the husband has as tenant by the courtesy, but it is taken away by chapter 60, R. S. (with certain exceptions not necessary to mention), by which the rents, issues and profits of her lands are made her sole and separate property, not subject to the disposal of her husband, unless it may be in respect to such rights acquired by marriage in Colorado before the passage of the act.

That act, while it expressly authorizes a married woman to contract respecting her personal property and separate business, is silent in regard to her right to contract in relation to her real estate, hence I conclude that it was not the intention of the legislature to remove her disability to contract respecting her real estate, except in the manner pointed out by the statute and prescribed in the 17th section of the Conveyancing Act. Nor can it be said that this disability, as to verbal leases, is removed by section eight of the statute of frauds, which provides that every leasing for a longer period than one year shall be in writing; that section prescribes the manner in which competent persons may contract, and was not in my opinion intended to remove incompetency; to hold that, would be, it seems to me, to validate all verbal leases by infants, or other incompetent persons for one year. The lease in question was made, if at all, by a married woman, and must be sustained, if at all, by the common law. At common law, a married woman could only convey her estate by fine and recovery. Fines and recoveries were abolished by 3 and 4 William IV., ch. 74, and transfers of the wife's real estate by deed of the wife, with the concurrence of her husband, was substituted, provided that her deed should always be acknowledged in a private examination apart from the husband.

Chancellor KENT says (2 Kent's Comm. 154): "Upon the view of American law on the subject, we may conclude the general rule to be, that the wife may convey by deed; that she must be privately examined; that the husband must show his concurrence to the wife's conveyance by becoming a party to the deed." The disability of the wife to contract, so as to bind herself at common law, arises not from want of discretion, but because, by marriage, she is placed under the power and protection of the husband; he, therefore, was required to be present, and concur in her deed, as her protector from the impositions of others, and the law was likewise careful to protect the wife from the power which the law gave the husband over her person and prop-

erty, and, therefore, required the examination of the wife apart from her husband ; and the certificate of the officer taking the acknowledgment, that she, apart from her husband, acknowledged the execution of the deed, without any fear or compulsion from him.

This tenderness and care for the wife's interest, in requiring the wife's private examination and acknowledgment of the wife, to protect her from any coercion of the husband compelling the conveyance of her estate, has been adopted in Colorado ; to allow a conveyance by verbal lease for a year by a married woman, either apart from, or with her husband's concurrence, would leave her to the danger of imposition in the former case, and to the coercion of her husband in the latter.

The short length. of time the estate conveyed by parol. may run does not furnish a reason for an inference that the legislature intended to withdraw the protection which the law had thrown around a wife in disposing of her real estate, for in many instances the value of the yearly use of one parcel of real estate would far exceed the value of the fee of another.

The separate deed of a married woman, purporting to convey her real estate, is void (27 Penn. St. 13) ; as a rule, a wife is incapable of making any contract that can be enforced against her (48 id. 499) ; to be bound by her contract, she must follow the mode of contracting pointed out by the statutes.   7 Ohio St. 641.

We have considered the disability of a married woman to contract respecting her real estate under the common law as amended by statute before 1869, when the lease in question was made, if at all.   If made, it is a verbal lease by a wife, although the husband may have concurred in the lease, yet being verbal, it could not be certified and acknowledged as required by the statute, and cannot, therefore, be upheld under the statute ;. it was void.   2 Kent, 150.

But it is claimed that if the defendant entered under a

lease from a wife, he cannot be allowed to question its validity. This raises a question of estoppel which we proceed to consider.

All estoppels must be reciprocal and mutual to be binding. § 90, Taylor's Landlord and Tenant, and cases cited.

Mrs. Keller, a wife, was not bound by the void lease ; so strongly does the rule prevail that a wife may avail herself of her coverture to defeat a contract, though she have been guilty of fraud in making it. 39 Penn. St. 299 ; 48 id. 479. Mrs. Keller, then, was not estopped ; the act set up as an estoppel not being binding on her, there was no *mutuality*, and the defendant could not, therefore, be estopped by it; that transaction being void, did not create the relation of landlord and tenant. Without that relation this cause cannot be maintained in any view of the evidence ; under section five of the statute, it is, therefore, unnecessary to discuss any other question raised by the argument. Perhaps this action might have been maintained under an allegation that the lease was void, and the premises were wrongfully claimed under color of a void lease, but that question is not raised by the complaint and we do not consider it.

*Affirmed.*