[No. 3675.]

## Davis et al. v. Holbrook et al.

1. Practice—Equitable Defense to Legal Action.
Under section 59, code of civil procedure, an equitable defense may be interposed to an action at law for possession of real estate.

2. Same.
In an action for possession of real estate where the defense interposed is possession and valuable improvements under an oral contract of purchase from plaintiff's grantor of which plaintiff had notice, such defense to prevail against plaintiff's legal title must be established by evidence as clear and satisfactory as would be necessary to enforce specific performance of the contract in a court of equity.

3. Same—Directing the Jury.
In an action for possession of real estate where the defense interposed was an equitable defense of possession and valuable improvements under an oral contract of purchase, where the defendants conceded that the legal title was in plaintiffs and the only evidence to be passed on by the jury was that pertaining to the equitable defense, the verdict of the jury would be merely advisory, and it was competent for the court to direct the jury to return a verdict for the plaintiffs, or to take the case from the jury and render a judgment for plaintiffs, even though there was a conflict in the evidence.

4. Same—Tender—Excuse for Failure to Make Tender.
Evidence that a defendant claiming to hold land under a parol contract of purchase offered to borrow money to pay, but was dissuaded from so doing by the grantor, who told defendant it was unnecessary, is not sufficient to furnish an excuse for failure to make tender of the purchase price.

5. Appellate Practice—Findings of Trial Court.
The findings of fact by the trial court on conflicting evidence will not be interfered with on appeal.

6. Practice—Harmless Error.
The fact that the trial court directed a verdict for plaintiff before defendant had rested his case is not reversible error where the evidence offered, if received, could not have cured the defects in the defendant's proof.

*Error to the District Court of Arapahoe County.*

Mr. F. D. Taggart and Mr. Joseph W. Taylor, for plaintiffs in error.

Messrs. GOUDY & TWITCHELL, for defendants in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The object of this action was the recovery of the possession of real property. The defendants relied solely upon their rights under a parol contract with the grantor of the plaintiffs (of which the latter had knowledge before they took title) for the purchase of the property, at the price of $300 per acre, to be paid within a reasonable time, and their continued possession, and the erection of valuable improvements on the premises in reliance upon the contract. The equitable defense in the answer setting up this contract further alleges that, though defendants never made a tender of the purchase price, their grantor never demanded the same of them, and by his conduct is now estopped from taking advantage of their failure in that respect; that before any notice was given, or demand made for payment of the purchase price, and while they were still in possession, they were ready and willing to pay the same, and offered so to do, which offer the grantor refused to accept, and they further allege that they would have made tender, but for the fact that their grantor said the same was unnecessary.

The case was tried before the court and a jury, and when defendants had produced their testimony, and before the plaintiffs had offered evidence under their replication, denying the equitable defense, the court, of its own motion, took the case from the jury, and directed a verdict for the plaintiffs. The defendants thereupon sued out from this court this writ of error, and assign as grounds for reversal the alleged error of the court in taking the case from the jury.

It will be observed that the cause of action set forth in the complaint is strictly legal, and before the reformed procedure the action would have been denominated "ejectment." In that action an equitable defense was not permissible, but under section 59 of our code of civil procedure an equitable

defense may be interposed to a legal cause of action. The trial court, in its findings, determined that the parol contract as alleged was made, that possession was taken, and valuable improvements to the amount of about $300 made by defendants in pursuance thereof. But on account of the indefiniteness and uncertainty of the terms of the contract, and because of defendants' failure, according to their own testimony, to perform their obligations under it, the case was taken from the jury.

Where, as here, a defense of this sort is interposed as an estoppel to defeat a recovery by the plaintiff on the strength of his legal title, proof of the contract on which the defense rests, and compliance with it by the defendant, must be as clear and satisfactory as if the defendant interposing it had gone into a court of chancery, and by a bill in equity, sought to enforce specific performance. In other words, the answer alleging the equitable defense, and proof in support of it, must be as full and ample as if specific performance was sought as affirmative relief, and the right to this relief is largely discretionary with the chancellor. *Gibson v. Chouteau*, 13 Wallace, 92; *Bruck v. Tucker*, 42 Cal. 346; *Basey v. Gallagher*, 20 Wallace, 670; Sedgwick & Wait on Trial of Title to Land, §§ 485–487; *Dyke v. Spargur*, 143 N. Y. 651 (38 N. E. Rep. 270).

In the last case the court uses this language:

"The defendants were bound to make a case entitling them to a conveyance of the land, as if they had, as plaintiffs, brought an action for that purpose."

And in the case of *Williams v. Murphy*, 21 Minn. 534, speaking to the same point, the court says:

"Where the legal title is in the plaintiff, he may bring ejectment to recover possession, whatever equities the defendant may claim. The defendant may, in his answer, set up his equities, and being set up, the action is a proper one in which to litigate them, so far, at least, as they relate to the right of possession. The equities set up as a defense, to prevail in the legal cause of action of ejectment, must be such

that, under the former practice, a court of chancery would, upon a bill filed setting up the facts, have enjoined the action at law, and so have kept the party in possession."

But the plaintiffs in error allege that it was improper for the court, in view of a conflict in the testimony, to withdraw the case from the jury. A jury was called, it is true, and sworn to try the issues generally, and the issue upon the legal cause of action alleged in the complaint should have been submitted to the jury, if there was any dispute concerning it. At the trial, however, defendants conceded that the legal title was in plaintiffs, and there was no evidence at all contradicting it, so there was no legal question to try or submit, and the only evidence was that pertaining to the equitable defense.

This evidence might have been submitted to the jury for their finding upon it, but if so, their verdict thereon would be merely advisory to the court. *Tabor v. Sullivan*, 12 Colo. 136; *Basey v. Gallagher, supra; Gibson v. Chouteau, supra.*

This being true, it was entirely competent for the court, at the close of defendants' testimony, if satisfied that the equitable defense had not been sustained, to take the case from the jury and enter judgment for the plaintiffs, or direct the jury to return a verdict to that effect. *Abbott v. Monti*, 3 Colo. 561; *McGan et al. v. O'Neil*, 5 Colo. 58; *Hall v. Linn*, 8 Colo. 264; *Kirkley v. Marshall, S. M. Co.*, 8 Colo. 279; *Bradbury v. Butler*, 1 Colo. App. 430; *McDonald v. Thompson et al.*, 16 Colo. 13; *Galvin et al. v. Palmer*, 113 Cal. 46.

The nature of the contract of sale is difficult to determine from the testimony of defendants themselves. One of their claims was that payment was to be made within a reasonable time; another, that after they paid to their grantor a lumber bill which they owed, they were to begin making payments on the land, and that the grantor agreed to employ one of the defendants, at $25.00 per month, and his wages were to be applied as payment on the land. Accepting the view most favorable to defendants, that these wages were to be so applied monthly, their own evidence shows conclusively that they did

not keep their agreement. Andrew J. Davis, the defendant who was to be employed, worked for five months. At the end of that time, on account of his being exposed to a contagious fever, the grantor did not wish to have him about his premises, and so he was discharged, of which no complaint is here made. Thereafter the grantor did not ask Davis to continue his work, nor did Davis tender his services, but he did find other continuous employment. The court found that the lumber bill had never been paid out of these wages, or otherwise. Assuming, however, with plaintiffs in error, that the lumber bill was paid, no payments were made upon the land. It certainly was the duty of the defendants either to perform labor for the grantor, or in lieu thereof to turn in a money equivalent, which they did not do.

The defendants admit that they never made any actual tender of the purchase price, but allege that they offered to borrow money for this purpose, but were dissuaded from so doing by the grantor, and that they would have made an actual tender had he not said the same was unnecessary. We do not understand this to be a sufficient tender, or an excuse for a failure to make a legal tender. The mere offer to pay, or offer to borrow money to pay, is not sufficient ( *Winne et al. v. Colo. Springs Co.*, 3 Colo. 155), and the conduct of the grantor, which is claimed to afford an excuse for failure to make tender, was not so inequitable as to furnish any excuse for failure in that respect. At any rate, upon conflicting testimony upon this, as well as other questions involved in this equitable defense, the trial court found against the defendants, and under the firmly established rule in this court, we cannot interfere with the findings, as they are sustained by legally sufficient evidence. It is very apparent that a trial court, in the exercise of a wise discretion, might properly refuse to decree specific performance of this contract, had the defendants been before it as plaintiffs in a suit brought for that purpose.

We have not lost sight of the fact that in the assignment of errors, though not in argument, counsel have made the

point that the trial court took the case from the jury before defendants had rested, but in the light of the record, we think there was no error in this, for the testimony offered, if received, could not have cured the defects in the defendants' proof, which, according to their own showing, could not be supplied. It follows that the judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*