[No. 5239.]
[No. 2863 C. A.]

## JOSS v. HALLETT.

1.  **Justices of the Peace—Unlawful Detainer—Pleading—Appeal —Statutory Construction.**

    Section 1979, Mills' Ann. Stats., provides for commencing proceedings under the unlawful detainer act in a justice court by filing a verified complaint in writing; section 1982 provides for the filing of a verified answer in writing; section 1990 provides that, when actions under this act are brought in any court of record, the proceedings shall be governed by the rules of practice governing trials of causes in such court, except as may be otherwise provided in such act; and section 2687 provides that, upon the trial of all appeals in the county court, the court shall hear and determine them in a summary way, without written pleadings. Held, that the unlawful detainer act, requiring the complaint and answer to be in writing, by implication excludes the necessity of further written pleadings; and that, upon appeal to the county court, it is not necessary for plaintiff to file a written reply to new matter in the answer.—P. 395.

2.  **Landlord and Tenant—Unlawful Detainer—Removal of Improvements—Evidence—Judgment.**

    In an action under the unlawful detainer act, in the absence of any evidence showing that defendant was the owner or had any interest in the improvements on the premises, the court was not warranted in making provision in the judgment for their removal.—P. 396.

3.  **Landlord and Tenant—Unlawful Detainer—Evidence—Admissibility.**

    In an action under the unlawful detainer act by the owner against a sub-tenant, defendant's answer admitted that he had no greater right to the premises than was obtained under the lease to the tenant, and plaintiff introduced in evidence the lease to the sub-tenant which showed a much greater rental than that

paid by the tenant. Held, that the admission of the sub-lease was necessary to show privity between plaintiff and defendant, and was not erroneous on the ground ,that the only effect of such admission was to prejudice the jury against the defendant. —P. 397.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Ben. B. Lindsey, Judge.*

Action by Moses Hallett against S. E. Joss. From a judgment in favor of plaintiff, affirming a judgment of a justice of the peace, defendant appeals.                                   *Affirmed.*

Mr. WILLIAM L. DAYTON and Mr. WILBUR F. DENIOUS, for appellant.

Mr. W. C. KINGSLEY, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action commenced in a justice court under the unlawful detainer act to recover possession of two lots in the city of Denver.

The verified complaint alleged that plaintiff, appellee here, was the owner of two lots which he had leased to the firm of Sadler & Doyle from month to month; that he elected to terminate the tenancy and served upon defendants the notice required by statute for that purpose; that defendant Joss, appellant here, was in possession of the premises, claiming the right to occupy the same by virtue of a lease from Sadler & Doyle.

The verified answer of Joss admits that plaintiff is the owner of the lots; that they were rented to Sadler & Doyle as alleged in the complaint, but denies

that it was a tenancy from month to month; admits that he occupies the premises under and by virtue of a lease from Doyle, and that he has no greater right to occupy the same than Sadler & Doyle had; denies the right of plaintiff to terminate the tenancy; denies that the notice or the service thereof is sufficient to terminate the same; denies wrongful and unlawful possession of the premises.

As a further answer, it is alleged that the term of the lease was to extend until such time as plaintiff made a sale of the property; that the lease was made about September 1, 1901, and was renewed about September 1, 1902; that the firm of Sadler & Doyle was given the right to place improvements upon the lots as they might desire, with the privilege of removing the same at the expiration of their tenancy; that, relying upon the terms of the lease, the firm of Sadler & Doyle placed improvements upon the lots to the value of about $2,500.00.

No reply was filed to this answer in either the justice court or the county court.

Sadler and Doyle were dismissed in the justice court and judgment rendered against Joss, who took an appeal to the county court, where the case was tried to a jury which returned a verdict in favor of plaintiff, upon which judgment was rendered, to the effect that plaintiff be restored to possession of the premises with costs of suit. Nothing was said in the judgment about the removal of the improvements placed upon the lots by Sadler & Doyle.

The appellant relies upon three points for a reversal of the judgment of the county court:

1. That the plaintiff in the court below should have filed a replication to the new matter set up in defendant Joss' answer, and that by failing to do so he admitted the affirmative matter pleaded in such answer.

2.  That the court should have made provision in the judgment for permission to remove the improvements placed upon the lots.

3.  Error of the court in admitting evidence over the objection of defendant.

Section 1979, Mills' Ann. Stats., provides the mode of commencing proceedings of this character in a justice court by filing a verified complaint in writing, which shall describe with reasonable certainty the lands plaintiff seeks to recover and shall set forth all substantial facts upon which plaintiff relies.

Section 1982, Mills' Ann. Stats., provides for the filing of a verified answer in writing by the defendant, and that the same shall set forth all substantial facts upon which he relies.

The foregoing are the only sections of the act in any way relating to the pleadings required of the parties, where the action is commenced in a justice court.

1.  It is the contention of appellant that, inasmuch as the trial in the county court upon appeal is *de novo,* the plaintiff was required by § 1990, Mills' Ann. Stats, to file in the county court a reply in writing to the new matter set up in the answer, as that section provides that, when actions under this act are brought in any court of record, "the proceeding shall be governed by the rules of practice and provisions of law concerning the trial of causes in such court, *except as may be otherwise provided in this act.*"

We cannot agree with this contention.

As seen, §§ 1979 and 1982 provide for a written complaint and answer only, and that such written pleadings only were contemplated in actions of this character, when commenced in a justice court, is manifest by the provisions of § 1990, which is to the effect that when an action is commenced in courts of

record, the proceedings shall be governed by the rules of practice of such courts. To otherwise rule would be judicial legislation, which is not permitted.

We believe that actions under the unlawful detainer act of this state, commenced in a justice court and appealed therefrom to the county court, so far as the question here under consideration is concerned, are governed and controlled by the general law relating to appeals from a justice court to the county court as the same is found in § 2687, Mills' Ann. Stats., which provides:

"Upon the trial of all appeals before the county court * * * the court shall hear and determine the cause in a summary way according to the justice of the case, without pleadings in writing."

"Written pleadings are only required to be filed in causes *originally begun* in courts of record, and, while cases appealed from the justice of the peace are pending for trial *de novo*, they are not governed by the code provision relating to written pleadings; moreover, such pleadings are especially dispensed with by statute."—*Thorne v. Ornauer,* 8 Colo. 353.

The unlawful detainer act requiring the complaint and answer by the respective parties to be in writing, by implication excludes the necessity of any further written pleadings.

2. As to the failure of the court to make provision in the judgment for the removal of the improvements placed upon the lots, it is sufficient to say, there is no evidence in the case to show that appellant was the owner of the improvements or had any interest whatever in the same.

The allegations of the answer are to the effect that the alleged improvements were the property of Sadler & Doyle.

In the absence of testimony showing, or tending to show, that Joss was the owner of the improve-

ments, or had some interest therein, the court was not warranted in rendering the judgment contended for by counsel for appellant.

3. It is urged by appellant that the court erred in admitting in evidence, over his objection, the lease from Sadler & Doyle to Joss, under which he claimed. This upon the theory that the answer of appellant having admitted that he had no greater right to the premises than was obtained under the Sadler & Doyle lease, the only effect of the introduction of the lease must have been to have prejudiced the minds of the jury against appellant, in that the lease from Sadler & Doyle to Joss provided a rental of $50.00 per month; whereas the original lease provided for a rental of $10.00 per month.

We do not appreciate the force of this argument. It was necessary for appellee to connect Joss with the Sadler & Doyle lease to show the privity that existed between plaintiff and defendant, to enable plaintiff to maintain his action. For this purpose the lease was material and competent.

Error is assigned upon the admission of certain testimony which appellant claims tended to prove that he had made an offer of compromise to appellee. We have carefully examined this testimony and find in it nothing whatever resembling an offer of compromise. It simply shows several attempts made by Joss to induce appellee or appellee's agent to permit him to continue in possession of the lots as a tenant of appellee. Neither party made, or attempted to make, an offer of compromise.

There being no error in the record, the judgment will be affirmed.    *Affirmed.*

Chief Justice Steele and Mr. Justice Caswell concurring.