## No. 10,232.

### WEIR, ET AL. *v.* WELCH.

Decided January 9, 1922. Rehearing denied February 6, 1922.

Action in unlawful detainer. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. PLEADING—*Unlawful Detainer—Replication.* Our unlawful detainer act makes no provision for a replication, and the necessity therefor has been excluded.

2. ACTIONS—*Equitable Defense—For the Court.* Where the sole issue in an action is raised by an equitable defense, its determination is for the court, and not a jury.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. F. W. SANBORN, Mr. HERBERT MUNROE, for plaintiffs in error.

Mr. KENT S. WHITFORD, Mr. HARRY C. DAVIS, Mr. STANLEY T. WALLBANK, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error were defendants and defendant in error was plaintiff in the trial court, and the parties are hereinafter so designated.

Plaintiff brought this action in unlawful detainer, and from the judgment entered therein against defendants they bring error and ask the issuance of a *supersedeas.* Two assignments only are relied upon. 1. The refusal of the trial court to grant defendants ten days in which to demur or move against the replication. 2. The refusal of the trial court to grant defendants' motion for trial by jury.

1. That portion of section 66 of the Code (R. S. 1908, p. 86) upon which the first assignment of error is based reads as follows:

"The defendant may, within ten days after the service of a notice in writing upon himself or attorney that a replication has been filed, demur thereto for insufficiency, or to any part thereof, or may move to strike out the same or any part thereof, for any cause which may exist, therefor."

Our unlawful detainer act makes no provision for a replication and it has been held that the necessity therefor has by implication been excluded. *Joss v. Hallett,* 39 Colo. 392, 396, 89 Pac. 809.

2. The real property in question had been sold under execution and plaintiff, having purchased an outstanding judgment, redeemed from the sale as a judgment creditor,

One of the defenses was that the funds so expended were advanced by plaintiff to one of defendants as a loan; wherefore it was alleged that plaintiff held this property in trust for defendants under a contract by virtue whereof the sheriff's deed became a mortgage to secure the repayment. This was the sole issue tried below and it is contended that under section 190 of the Code (R. S. 1908, p. 111) it should have been submitted to a jury. Said section reads, in part, as follows:

"In actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due on contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived or a reference is ordered, as provided in this code."

This defense was equitable and its determination was for the court. Under a state of facts very similar we said:

"The issue upon the legal cause of action alleged in the complaint should have been submitted to the jury, if there was any dispute concerning it. At the trial, however, defendants conceded that the legal title was in plaintiffs, and there was no evidence at all contradicting it, so there was no legal question to try or submit, and the only evidence was that pertaining to the equitable defense. This evidence might have been submitted to the jury for their finding upon it, but if so, their verdict thereon would be merely advisory to the court. * * * This being true, it was entirely competent for the court, at the close of defendants' testimony, if satisfied that the equitable defense had not been sustained, to take the case from the jury and enter judgment for the plaintiffs." *Davis v. Holbrook*, 25 Colo. 493, 495, 55 Pac. 730.

Neither assignment is well taken. The *supersedeas* is denied and the judgment affirmed.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE BAILEY and MR. JUSTICE WHITFORD, not participating.