No. 10,397.

NOBLE *v.* CITY OF CANON CITY.

Decided May 7, 1923.   Rehearing denied June 4, 1923.

Action by a spectator, to recover damages for injuries sustained at a horse race on a public street.   Judgment for defendant.

*Affirmed.*

1.  SPEED CONTESTS—*Public Thoroughfare—Damages.*   When speed exhibitions are given on a public street or highway, one who attends in the capacity of a spectator and is injured cannot recover damages on the ground of the illegality of the exhibition.   He must prove negligence.

2.  NEGLIGENCE—*Contributory.*   In an action by a spectator to recover damages for injuries sustained at a horse-race, evidence reviewed and plaintiff held guilty of contributory negligence.

3.  APPEAL AND ERROR—*Correct Ruling on Wrong Theory.*   If a decision of the trial court is correct, the fact that it may have acted on an erroneous theory, is immaterial.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. A. L. TAYLOR, Mr. J. W. FOSTER, for plaintiff in error.

Mr. JOHN P. THOMAS, JR., Mr. AGUSTUS PEASE, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position as in the trial court and are hereinafter designated as there.

At a labor day celebration in Canon City September 5, 1921, a part of the program consisted of a horse race on College avenue. Plaintiff was a spectator of this event and was on the street at that time solely in that capacity. During the race one of the horses swerved from the beaten track and knocked plaintiff down and injured him. To recover damages thereby sustained he brought this action. He alleges that the city, through its council, authorized the use of the street for the purpose of this horse race; that such use was improper, unlawful, and constituted negligence and the maintenance of a nuisance on the part of defendant; and that he, himself, was without fault and in the exercise of due care. Defendant denied that said race took place under its authority or license, or with its knowledge or consent; denied negligence on its part; and charged plaintiff with contributory negligence.

At the close of plaintiff's evidence defendant moved for an instructed verdict on the grounds that the city's authority for the exhibition had not been shown, and that plaintiff's own evidence conclusively established his contributory negligence. This motion was sustained by the court for lack of proof of the city's authorization. So much of the record only as was essential to a determination of that question was included in the abstract. Defendant filed a supplemental abstract covering the alleged evidence of contributory negligence.

The briefs before us are largely devoted to the first question, which we find it unnecessary to discuss or determine. When exhibitions involving an element of possible danger (such as automobile races, horse races and fireworks) are given on a public street or highway, one who attends in the capacity of a spectator and is there injured can not recover damages on the ground of the illegality of the exhibition. He must prove negligence. *Johnson v. City of New York,* 186 N. Y. 139, 78 N. E. 715, 116 Am. St. Rep. 545, 9 Ann. Cas. 824; *Frazure v. Ruckles, et al.,* 63 Ind. App. 538, 113 N. E. 730; *Scanlan v. Wedger,* 156 Mass. 462, 31 N. E. 642, 16 L. R. A. 395.

Assuming, but not deciding, that there was some evidence of defendant's negligence the contributory negligence of plaintiff is beyond doubt. Accompanied by other members of his family in an automobile he parked his car at the side of the street and when the race began got out of the machine and advanced toward the track to witness it. Some of the horses had gone by to the westward. The one which caused his injury had not yet passed but was coming from the east. In his eagerness to witness the contest between those to the westward plaintiff never looked in the other direction, never saw the animal which struck him, and had no personal knowledge of how he received his injury. All this in spite of the fact that his wife saw the horse coming, recognized the danger, feared the animal was going to run into plaintiff's car and was in the act of getting out of the vehicle to save herself. One Steinmier, who seems to have had something to do with managing the event, was in the middle of the street near by waving a stick and shouting to the crowd, "Get back, he is coming. Get back, he is coming." Plaintiff saw and heard this man waving his stick and warning the people back and during all this time he says he was within a step or two of the rear of the car, at which place the accident occurred. One so utterly careless of his own safety under such circumstances and so blind to a danger which any degree of prudence on his part would have

brought to his attention can not recover damages on the ground of the negligence of another.

The fact, if it be a fact, that the trial court sustained said motion upon the wrong theory is wholly immaterial and has been repeatedly so held by this court.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN, concur.