No. 12,910.

BABNIK *v.* CULIG ET AL.

(3 P. [2d] 801)

Decided September 28, 1931.

Mr. O. G. POPE, for plaintiff in error.

Mr. MATT J. KOCHEVAR, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is an action in unlawful detainer. Judgment below was for the defendants in error, there the plaintiffs. The complaint, filed December 16, 1930, before a justice of the peace, alleged plaintiffs' ownership, lease to the defendant at a monthly rental of $15, failure to pay rent due November 19, 1930, and the service of a

notice demanding payment or possession within three days. The first answer was a general denial, the second that in September, 1921, the defendant's husband and the plaintiff Gorsich made an oral agreement of sale and purchase, under which the husband went into possession, built a one-room house, and paid, between that time and his death in 1925, the full purchase price. No replication was filed, but such is not required in actions of this kind. *Joss v. Hallett,* 39 Colo. 392, 89 Pac. 809; *Weir v. Welch,* 71 Colo. 66, 203 Pac. 1100.

The record discloses that from 1921 until the bringing of the action, the defendant resided on the premises involved with the exception of a short period early in 1930. November 18, 1930, the plaintiffs served written notice on the defendant that commencing the next day they would require payment of rent of $15 per month in advance. Testimony of the plaintiffs tended to show the defendant agreed to this demand; the defendant denied she had agreed, but admitted receipt of the notice. There is also evidence refuting the defendant's testimony that the purchase price had been paid. The trial court, upon the evidence so adduced, found that an agreement existed between the parties for the rental of the premises at $15, that the defendant had failed to pay the rent, and was guilty of an unlawful detainer, and gave judgment of restitution.

██ The defendant argues that she was in possession under a contract of purchase and that the plaintiffs cannot arbitrarily change her status by the service of a notice. She also urges the proposition that under the doctrine of *Klopfer v. Keller,* 1 Colo. 410, *Keller v. Klopfer,* 3 Colo. 132, and *Adcock v. Lieber,* 51 Colo. 373, 117 Pac. 993, the action will not lie, because it must necessarily be based upon a rental agreement, and her status was that of a vendee in possession. The answer to the latter contention is simply that the rule announced in those cases is one of evidence only. In *Klopfer v. Keller, supra,* it was held error to exclude testimony to the effect

that the defendant went into possession under a contract of purchase, the court saying (p. 413) that ''The object of showing that appellant entered under an agreement to purchase was to disprove the tenancy, and the negative effect of such evidence would be the same whether the agreement was good or bad.'' The defendant had full advantage of that rule, for the trial court gave her every latitude in her endeavor to show that she was not in fact a tenant, disproof of which, whether she succeeded to her husband's title or not, whether the contract was good or bad under the statute of frauds, and whether or not her reentry in 1930 was under the contract, would have defeated the action. But the trial judge, upon conflicting testimony, resolved the issue in favor of the plaintiffs and this court is not at liberty to substitute its opinion for his. The same rule controls the defendant's other point. The trial court found she was in possession as a tenant and we cannot hold otherwise.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.