## No. 13,114.

### FORT *v.* DEMMER.
(14 P. [2d] 489)

Decided September 12, 1932.

Mr. Hugo Selig, for plaintiff in error.

Messrs. Moynihan, Hughes & Knous, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

George E. Demmer, defendant in error, will hereinafter be referred to as plaintiff, and Mabel Fort, plaintiff in error, as defendant. Plaintiff began an unlawful detainer action in the justice of the peace court against defendant. Judgment was rendered for plaintiff, from which judgment defendant attempted an appeal to the county court. In the county court both plaintiff and defendant filed written motions for dismissal, and the county court granted plaintiff's motion, and rendered judgment accordingly. Defendant prosecutes this writ seeking a reversal for reasons which will hereinafter appear.

The summons issued herein was returnable in four days rather than within the time fixed by section 6376, C. L. 1921; however, defendant appeared at the trial and attempted her appeal without objecting either to the summons or the service thereof. She thereby

waived all irregularities in the summons and service. *Deitz v. City of Central,* 1 Colo. 323, 330.

Plaintiff filed his written verified complaint, as provided by section 6375, C. L. 1921, for commencing proceedings under the unlawful detainer act in the justice of the peace court, but defendant failed to file her written verified answer setting forth all the substantial facts upon which she relied entitling her to possession of the property involved in the action. *Joss v. Hallett,* 39 Colo. 392, 395, 89 Pac. 809; *Babnik v. Culig,* 89 Colo. 449, 450, 3 P. (2d) 801. There was, therefore, no issue to be tried by either the justice of the peace court or the county court, and defendant was wholly in default in both these tribunals.

The record discloses that the judgment was rendered in the justice of the peace court on April 18, 1932, and the appeal bond approved by the justice of the peace on April 29, 1932. In the absence of a filing mark upon the bond, we must assume that it was tendered and filed on the day of the approval. Section 6173, C. L. 1921, provides that one desiring to appeal may file his bond in the office of the justice of the peace who shall have rendered the judgment, and that the bond shall be approved by him. So far as we are advised by the record herein, the appeal bond was filed and approved too late, and the county court was right in dismissing the action. Defendant's motion to dismiss was upon the ground that the county court had no jurisdiction; but, if the county court make a correct decision, assigning a wrong reason therefor, it is wholly immaterial. *Noble v. Canon City,* 73 Colo. 374, 377, 215 Pac. 867.

It is fair to counsel for defendant to say that he had nothing whatever to do with the trial in the justice of the peace court, and should not be held responsible for the basic errors committed there.

Judgment affirmed.

Mr. Chief Justice Adams and Mr. Justice Butler concur.