No. 14,887.

DOHNER *v.* UNION CENTRAL LIFE INSURANCE COMPANY.

(121 P. [2d] 661)

Decided January 19, 1942.

Mr. George M. Corlett, Mr. Charles R. Corlett, for plaintiff in error.

Messrs. Moses & Moses, for defendant in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

The pending proceeding is a statutory unlawful detainer action brought originally by defendant in error as plaintiff against plaintiff in error as defendant. For convenience the parties will be designated herein as they appeared in the district court. In 1921 plaintiff loaned defendant $6,000. Payment of this indebtedness was secured by a trust deed on the premises herein involved. In the year 1934, by reason of unpaid delinquencies, the indebtedness had increased to some $8,000. At that time the period for repayment was extended and a new schedule of partial payments arranged. In 1938 defendant was indebted to plaintiff in a sum of more than $11,000 which included in excess of $2,000 advanced by it for taxes. On December 27 of the latter year plaintiff notified defendant that it could no longer carry the loan and advised that a foreclosure was in contemplation. After some negotiations defendant, March

4, 1939, conveyed the property to plaintiff by quitclaim deed which contained the following recital: "A part of the consideration for this deed is the surrender of the trust deed and notes now of record in Book 172, Page 358 of the records of the County Clerk and Recorder of Rio Grande County, Colorado, which deed of trust and notes are marked 'Cancelled but not paid'." The cancelled notes and deed of trust were delivered to the defendant in May. On the day the deed was executed and following its delivery, the plaintiff by written instrument leased the premises to defendant on a crop rental basis for a term expiring March 1, 1940. Thereafter plaintiff negotiated the sale of said premises to one Harmon, possession to be given at the expiration of defendant's lease. Upon the refusal of the latter to deliver possession at the end of the term of his lease, after demand therefor, plaintiff instituted the proceeding now the subject of our consideration. The answer of defendant admitted the execution of the deed and lease but inferentially alleged that the transaction was intended as security for the debt and in equity amounted to no more than a mortgage; hence it was asserted that defendant, as owner, was entitled to the possession of the property subject to the indebtedness due the plaintiff and until the due foreclosure thereof. The answer also pleaded an agreement for reconveyance by plaintiff and defendant's willingness to comply therewith. The district court without the intervention of a jury resolved the issues in favor of plaintiff and adjudged that defendant had no right of possession subsequent to the expiration of the lease.

As the first ground for reversal of the judgment defendant contends that the trial court erred in denying his request for a jury trial. In this connection he relies upon section 191 of our Code of Civil Procedure which provides inter alia: "In actions for the recovery of specific real * * * property, * * * an issue of fact must be tried by a jury unless a jury trial is waived * * *." As

appears from our statement of the issues the relief sought by defendant's answer was purely equitable in character. See, *Reitze v. Humphreys*, 53 Colo. 177, 125 Pac. 518. In *Weir v. Welch*, 71 Colo. 66, 203 Pac. 1100, an unlawful detainer action, where, as here, an equitable defense was interposed, we held that section 191, above mentioned, was without application, and that the determination of the equitable issue was for the court and not a jury. See, also, *Davis v. Holbrook*, 25 Colo. 493, 55 Pac. 730. In refusing defendant's request for a jury trial the court committed no error.

It is contended secondly by defendant that the evidence shows "without a question of doubt" that the giving of the deed and lease was intended, and should have been construed, to be a mortgage transaction. Our study convinces us that the trial court was well within its discretion in making the disposition announced; consequently its judgment must stand. Certain evidence disclosed that in July, 1939, defendant with knowledge that Harmon, who subsequently purchased the land, was negotiating with plaintiff therefor, paid part of his rent under the terms of the lease; that he also took pay from Harmon for planting sweet clover for future soil fertilization in June, 1939, and bargained for the sale of certain of his personal property which Harmon wished to retain on the premises. Defendant, as a witness, referred to the deed transaction as a "sale" and to his subsequent possession as that of a "lessee." Further, in the language of the trial court's findings, defendant "stated on the stand two or three different ways and very clearly that he had an option to buy that land back in the fall if he could pay ten per cent of what the debt amounted to, but he follows that up by an explanation that even the option was in fact not his but some member of his family could exercise it." In this state of the record we are of the opinion that we should not declare unwarranted the trial court's conclusion that the defendant had failed to show by clear and convincing evidence, as

is required in cases of this type (see, *Ver Stratten v. Worth,* 79 Colo. 30, 243 Pac. 1104) that the deed and lease in fact were not what they appeared to be. The findings further disclose unquestionably that the trial court had a proper conception of the applicable law. In these circumstances we would not be justified in disturbing the findings or resulting judgment. See, *Hawkins v. Elston,* 58 Colo. 400, 146 Pac. 254.

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BURKE concur.