## No. 15,536.

### BUSS *v.* MCKEE.
(170 P. [2d] 268)

Decided June 3, 1946.

Mr. BERNARD E. MADDEN, for plaintiff in error.

Mr. T. LEE WITCHER, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

W. E. BUSS, plaintiff in error, as plaintiff, brought an action in the district court against L. E. McKee, defendant in error, to recover judgment in a sum in excess of $400.00. Trial was to the court without the intervention of a jury and resulted in a judgment for defendant, to reverse which, plaintiff brings the cause here by writ of error.

Plaintiff in his complaint, filed April 13, 1942, alleged: That defendant is a retail automobile dealer conducting his business in Canon City, Colorado, under the name and style of the L. E. McKee Motor Company; that June 11, 1940, one Johnson, employed by defendant as a salesman, borrowed from plaintiff the sum of $845.63 with which to purchase from defendant a new 1940 model De-Soto sedan, and on the same day executed a chattel mortgage on the car to secure repayment in installments of said loan, the last of which installments became due on December 25, 1940; that the chattel mortgage was duly filed in the office of the county clerk and recorder on

June 14, 1940. Plaintiff's check evidencing the loan to Johnson was made payable to defendant and accepted by him. Defendant thereafter continued to hold the legal title to said automobile so purchased by Johnson until November 6, 1940, when he transferred it, on Johnson's instruction, to one Jefferies; the bill of sale or certificate of title containing a warranty that the automobile was free and clear of all liens and encumbrances. Plaintiff further alleged that Johnson defaulted in the payments on the indebtedness secured by the chattel mortgage and departed the jurisdiction of the court; that the balance due upon said indebtedness is $414.45 with interest, and by reason of defendant's failure to issue a bill of sale or certificate of purchase to Johnson upon the payment of the purchase price of the automobile, plaintiff acquired no valid lien, had no security for the loan, and, as a consequence, has been damaged in a sum equal to the amount due upon said chattel mortgage, for which he prays judgment.

Defendant in his answer denied any employment of Johnson; denied on information and belief that Johnson borrowed moneys from the plaintiff; admitted that a chattel mortgage covering the automobile so purchased by Johnson from defendant was filed as alleged in the complaint; admitted the receipt of plaintiff's check payable to the L. E. McKee Motor Company in payment for the auto involved; denied that defendant held the legal title in trust for either Johnson or plaintiff, and further denied that he failed to transfer the legal title so as to perfect plaintiff's lien under his chattel mortgage, and generally denied all other allegations in the complaint. For a further answer and defense defendant alleged that under instructions from Johnson he "delivered the title" to the automobile involved to Jefferies upon Johnson's statement that he had paid all moneys due and owing to plaintiff on said automobile.

The trial court entered its "Decision and Opinion," whereby it found the loan to Johnson was made as and

for the purpose alleged in the complaint; that Johnson's indebtedness to plaintiff was evidenced by a chattel mortgage upon the automobile involved; and that the chattel mortgage was filed as alleged. It further found that defendant, on June 11, 1940, delivered the automobile to Johnson, the purchaser, and from the date last mentioned until November 6, 1940, Johnson was in possession of the automobile; that on November 6, 1940, defendant, acting under the instructions of Johnson, executed a dealer's bill of sale to Jefferies, who had purchased the automobile from Johnson without knowledge of the chattel mortgage. The court further found that Johnson was in the business of selling automobiles, but was not employed by defendant, although he had his headquarters in defendant's place of business. Such cars as Johnson sold were purchased through defendant, who would execute, upon Johnson's instructions, a dealer's bill of sale direct to the purchaser. The court further found that McKee knew that the car here involved was mortgaged to plaintiff and that he admitted that he had no pecuniary interest in the car; that defendant in executing the bill of sale to Jefferies, as directed by Johnson, relied entirely upon Johnson's statement that his indebtedness to plaintiff was fully discharged. The court further found that plaintiff was not aware of the sale made by Johnson to Jefferies until long after that transaction had been closed.

The court further found:

"The allegations of the complaint clearly state a cause of action, and were substantiated by the testimony of the plaintiff which, for the most part, was admitted by the defendant McKee on the witness stand. There is no question that by withholding the title to the automobile in question in himself, the defendant became trustee of the legal title to the automobile. He had no right or title to it; he had been paid the purchase price, and should have transferred the title to the purchaser at the time of sale. Not having done so, he was in law bound to see to it that any transfer by him of the title, later, did not cause loss

or damage to any one having a legal interest in or title to said automobile.

"Hence, his transfer of the title to Jefferies, after he knew that the plaintiff held a recorded chattel mortgage on the car, made him liable to Buss, who could have recovered from him as trustee of a constructive or resulting trust of the property.

"McKee testified that Johnson told him that he had settled with Buss, and that he made a dealer's bill of sale to Jefferies believing that to be true. This may be a conscience-soothing excuse, but clearly it has no merit. By so doing he made it possible for Johnson to commit a fraud upon Buss, and in law became a party to it and as culpable, in law, as though he had issued the bill of sale of his own volition and without any statement whatever from Johnson.

\* \* \*

"The plaintiff, by his delay in making the demand or seeking relief against the trustee, as he was required under the law of trusts to do, until the situation had changed so as to make it inequitable to require the trustee to respond, became guilty of laches and is now estopped by such delay from obtaining the relief against the trustee to which he would have been entitled had he proceeded with reasonable diligence after ascertaining the facts.

"Judgment will be for defendant."

Defendant relies upon three cross specifications of points, but two of which need be considered; under them defendant contends that the court erred in finding a constructive trust relationship between plaintiff and defendant and the violation thereof.

Plaintiff relies upon three specifications of points for a reversal. These specifications may be summarized as error in the court's ruling on the question of laches.

Without detailing the facts adduced at the trial, suffice it to say that there is ample evidence in the record to support the trial court's findings as to the

business transactions between plaintiff, Johnson and defendant. There can be no question that when, on June 11, 1940, Johnson presented plaintiff's check payable to defendant for $825.00, the full purchase price of the automobile, it became the duty of defendant to execute and furnish to Johnson a "bill of sale, or certificate of ownership therefor on a form prescribed by the secretary of state." '35 C.S.A., c. 16, §25. This McKee failed to do, and by reason of such failure the lien of the chattel mortgage given by Johnson to plaintiff never became effective as against an innocent purchaser. The equitable title under the circumstances presented vested in Johnson; the naked legal title remained in defendant. The plan to withhold the bill of sale or certificate of ownership was deliberate, and, as defendant testifed, resulted in deceiving the purchaser of the automobile by leading him to believe that he was acquiring a new car as the first owner thereof. This was a fraud on Jefferies, for by defendant's own admission Johnson became the absolute owner of the car on June 11, 1940. Johnson had the car in his possession until the transaction of November 6, 1940, when, under Johnson's instructions, a bill of sale or certificate of ownership was furnished Jefferies. Through the fraudulent act of defendant in withholding the bill of sale or certificate of ownership, the state was deprived of its license fees as well as the specific ownership tax upon the automobile. In other words, by assisting Johnson in his scheme of selling automobiles without any license so to do, defendant made it possible for the plaintiff to be defrauded; for Jefferies to be deceived, and for the state to be deprived not only out of its license tax, '35 C.S.A., c. 16, §106, but also its specific ownership tax, S. L. '37, c. 94.

Defendant assisted, and cooperated with, Johnson in the violation of his trust, if it be held that he was a trustee of a resulting or constructive trust or the perpetrator of a fraud. Whether it be held that defendant was a trustee, or that he was guilty of perpetrating a

fraud, the result is the same, and his liability to plaintiff becomes fixed. The trial court found defendant to be a trustee under a resulting or constructive trust, and if in so finding it was in error, defendant was not prejudiced thereby. If the findings of the trial court were correct, the reasons given therefor are wholly immaterial. *Noble v. Canon City,* 73 Colo. 374, 215 Pac. 867; *Fort v. Demmer,* 91 Colo. 285, 14 P. (2d) 489. Defendant's cross specifications of points are without merit.

It is the contention of plaintiff that the trial court erred in determining that he was guilty of laches and therefore is not entitled to recover. We uphold this contention. Laches is an affirmative defense, which must be plead. Rule 8 (c) R.C.P. Colo.; *In re Talbot Canning Corp.,* 39 F. Supp. 858; *Bergeron v. Mansouer,* 152 F. (2d) 27. Laches was not plead as an affirmative defense, or at all; consequently the trial court erred in determining that laches barred plaintiff's recovery, and in entering judgment for defendant.

The judgment is reversed and the cause remanded with instructions to render judgment in favor of plaintiff for the amount found to be due and unpaid as evidenced by the terms of the chattel mortgage.