494 P.2d 134 (1971)
B. A. WEIL, also known as Billie Weil, Plaintiff-Appellant,
v.
COLORADO LIVESTOCK PRODUCTION CREDIT ASSOCIATION, Defendant-Appellee.
No. 71-076.
Colorado Court of Appeals, Div. I.
December 14, 1971.
Rehearing Denied January 11, 1972.
Certiorari Denied March 13, 1972.
*135 Ashen & Fogel, Leland R. Branting, George T. Ashen, Denver, for plaintiff-appellant.
Holland & Hart, Don D. Etter, Robert E. Benson, Denver, for defendant-appellee.
Selected for Official Publication.
DUFFORD, Judge.
Plaintiff-appellant, "Weil," instituted this action asking that two deeds which he had executed in favor of defendant-appellee, "PCA," be declared mortgages as to the property described therein. The case was tried to the court, which found in favor of PCA and dismissed Weil's complaint. In support of its judgment, the trial court found that the instruments in question were intended by the parties to operate as deeds and not as mortgages. Additionally, the trial court found that if the instruments were intended to be mortgages, conduct on the part of Weil barred him from the relief he sought by reason of the doctrine of laches, and also because his conduct constituted a waiver of any equity of redemption he might have had. In this appeal, Weil attacks these findings and the judgment of the trial court based thereon.
*136 The terms and conditions under which the conveyances in question were executed are fully set forth in an agreement between the parties dated March 4, 1969. The agreement is complete on its face, and neither party asserts any ambiguity as to its terms. We may, therefore, interpret and determine the legal effect of the agreement on appellate review and are not bound by the determinations made by the trial court. Alley v. McMath, 140 Colo. 600, 346 P.2d 304; and see Larson v. Hinds, 155 Colo. 282, 394 P.2d 129.

I.
The March 4, 1969, agreement between PCA and Weil contains the following recital clause as to its purpose:
"PCA has from time to time advanced certain funds to Weil which (together with additional advances to be made, interest and certain costs) by the terms and conditions of certain documents evidencing and securing said indebtedness are to be repaid by Weil to PCA on or before October 15, 1969. As consideration for the extension of the maturity date of said indebtedness to October 15, 1969, and in order to avoid the expense of foreclosure of the real property mortgaged to PCA to secure said indebtedness if the same becomes necessary, Weil has executed and delivered to PCA warranty deeds in the form attached hereto as Exhibits A and B covering said real property. This Memorandum of Agreement is designed to confirm the terms and conditions upon which said warranty deeds were executed and delivered and with respect to the disposition thereof." (Emphasis added.)
The agreement thereafter provides that the warranty deeds referred to therein will be held by PCA without recording on the condition that if Weil repays his past and future indebtedness to PCA before October 15, 1969, the deeds will be returned to him, but that if he does not, then PCA will record the deeds and they shall then constitute absolute conveyances.
It is uncontroverted that, prior to the execution of the March 4, 1969, agreement, Weil was in default with respect to prior loans PCA had made to him, which loans were secured by mortgages covering the same realty that was described in the deeds in question. It is also undisputed that after execution of the March 4 agreement PCA loaned additional sums to Weil and took additional promissory notes, which were not repaid. PCA recorded its deeds at the end of October 1969. In January of 1970, PCA contracted to sell the real property described in the deeds, although Weil objected to the sale and remained in possession of his lands. This action challenging the legal effect of the deeds were instituted by Weil in March of 1970.
In view of the foregoing, the rulings of the trial court represent a misapplication of the law, and they must be set aside upon appellate review. Anderson v. Cold Spring Tungsten, Inc., 170 Colo. 7, 458 P.2d 756; Larson v. Hinds, supra. The March 4 agreement is a security arrangement in the fullest sense. It provides for extension of existing loans and sets forth the terms of future loans. It leaves Weil in possession and holding equitable title. The deeds, therefore, were, as a matter of law, instruments which secured the payment of an obligation. Larson v. Hinds, supra. Such being the case, they fall squarely within the provisions of C.R.S.1963, 118-6-17, which provides as follows:
"Mortgages, not a conveyance but a lien.Mortgages, trust deeds or other instruments intended to secure the payment of an obligation affecting title to or an interest in real property, shall not be deemed a conveyance, regardless of its [sic] terms, so as to enable the owner of the obligation secured to recover possession of real property without foreclosure and sale, but the same shall be deemed a lien." (Emphasis added.)
By the force of this statute, the subject deeds have the legal effect of mortgages and must be foreclosed as such. Larson v. *137 Hinds, supra. Contrary to the situation in Duncan v. Colorado Investment and Realty Co., 116 Colo. 12, 178 P.2d 428, and Dohner v. Union Central Life Insurance Co., 109 Colo. 35, 121 P.2d 661, there is present here no evidentiary basis upon which the deeds could be held to constitute absolute and unconditional transfers by a debtor in default transferring that debtor's remaining rights to his secured creditor in lieu of foreclosure.

II.
The equitable defenses of laches and waiver of redemptive rights upon which the trial court relied as alternative grounds for its judgment also cannot be sustained. As to the doctrine of laches, it is true that Weil acquiesced for a period of several months in the initial arrangement under which he gave the deeds to PCA. However, as we have held, that arrangement was, in law, a security transaction. Immediately following the time that PCA attempted to enforce the deeds as absolute conveyances without regard to Weil's rights concerning a sale by foreclosure and related redemptive rights, Weil brought this action. Further, Weil has at all times refused to surrender possession of his property. From this, it is obvious that Weil did not neglect for an unreasonable and unexplained length of time, under circumstances requiring diligence, to do what in law should have been done. The doctrine of laches is, therefore, not applicable. Ver Straten v. Worth, 79 Colo. 30, 243 P. 1104. See also Kelley v. South Jeffco Metropolitan Recreation and Park District, 155 Colo. 469, 395 P.2d 210.
The trial court's further ruling that Weil had waived his right of redemption appears to be predicated upon findings that Weil entered into the March 4 agreement and executed the subject deeds only after being fully advised of his legal rights and without his notifying PCA prior to this action that he, Weil, considered the deeds to be mere mortgages. Although these factual findings rest upon evidence to such effect, it is a misapplication of the law to conclude therefrom that Weil waived his rights to now demand that the deeds be foreclosed as mortgages and that he be given the right to redeem his property following foreclosure. To so hold is to extinguish by judicial action those very rights which are conferred and guaranteed by the provisions of C.R.S. 1963, 118-6-17. See Larson v. Hinds, supra.
Judgment is reversed, and this cause is remanded for further proceedings in harmony with the views expressed herein.
DWYER and PIERCE, JJ., concur.