Randy HUSAR, Petitioner-Appellant,

v.

LARIMER COUNTY COURT and One of
the Judges Thereof, the Honorable Ron-
ald L. Schultz, Respondents-Appellees.

No. 80CA0960.

Colorado Court of Appeals,
Div. II.

May 7, 1981.

Glenn G. Meyers, Fort Collins, for peti-
tioner-appellant.

Ronald L. Schultz, pro se.

KELLY, Judge.

Randy Husar appeals from the dismissal
by the district court of a petition for writ in
the nature of mandamus which requested
an order requiring respondent to provide
Husar with a jury trial in an action under
§ 13–40–104 of the Forcible Entry and De-
tainer Act, § 13–40–101, et seq., C.R.S. 1973,
and under § 38–12–201 of the Mobile Home
Park Landlord-Tenant Act, § 38–12–201, et
seq., C.R.S. 1973 (1980 Cum.Supp.). We
reverse.

The landlord filed an action in county
court against Husar, alleging that Husar
had failed to pay his rent and that his
conduct had constituted an annoyance to
other tenants and had interfered with the
normal mobile home park management. It
asked for possession of the property, its
expenses, and for an order removing Hu-
sar's mobile home and personal property.
Husar filed an answer denying the allega-
tions in the complaint and asserting as af-
firmative defenses waiver, estoppel, and de-
fective notice of termination. He also
made a demand for a jury trial. The jury
trial was denied by the county court judge
who found that there is no right to a jury
trial in a forcible entry and detainer action.

Under our state constitution, trial by jury
in a civil action is not a matter of right.
*Setchell v. Dellacroce*, 169 Colo. 212, 454
P.2d 804 (1969); *Parker v. Plympton*, 85
Colo. 87, 273 P. 1030 (1929); *Gibson v. Ang-
ros*, 30 Colo.App. 95, 491 P.2d 87 (1971).

"[O]ur State Constitution does not re-
quire a jury trial in civil cases . . . . The
right to a jury trial in such cases or
proceedings is present only when set
forth by statute, or rule of court." *Jones
v. Estate of Lambourn*, 159 Colo. 246, 252,
411 P.2d 11, 15 (1966).

C.R.C.P. 339, which governs jury trials in
county court procedures, states in pertinent
part:

"When trial by jury has been demanded
as provided in Rule 338, the matter shall
be designated upon the register of actions
as a jury action. The trial of all issues so
demanded shall be by jury, unless, (1) the
parties or their attorneys of record, by
written stipulation filed with the court or
by an oral stipulation made in open court
and entered in the record, consent to trial
by the court sitting without a jury, or (2)
the court upon motion of its own initia-
tive finds that a right of trial by jury of
some or all of those issues does not exist
. . . ."

Since C.R.C.P. 339 leaves the question
open as to whether there is a right to a jury
trial in unlawful detainer actions brought in
county courts, it is necessary to look to
court decisions. *Jones v. Estate of Lamb-
ourn, supra*.

While it is true that unlawful detainer itself was not a common law action but is statutory, *see MacKenzie v. Porter*, 40 Colo. 340, 91 P. 916 (1907), the forcible entry and detainer statutes are the modern descendants of the common law action of ejectment. *Pernell v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974); *Baumgartner v. Schey*, 143 Colo. 373, 353 P.2d 375 (1960); *Davis v. Holbrook*, 25 Colo. 493, 55 P. 730 (1898).

These summary proceedings developed to provide the landlord with a quick procedure to remove a hold-over tenant. 3A *G. Thompson, Real Property* § 1370 (1981 Repl. Vol.). Ejectment actions were actions at law and thus triable to a jury. *Pernell v. Southall Realty, supra.*

"It is, therefore, clear that if plaintiff's action had not been brought under the Declaratory Judgments Act prior to the end of the lease period it would have been an action in ejectment or forcible entry and detainer and in either case would have been an action at law. Thus, the character of the action, the entire controversy, is one at law, and one entitling defendants to a trial by jury of issues of fact." *Baumgartner v. Schey, supra*, 143 Colo. at 380, 353 P.2d at 378.

*Stone v. Lerner*, 118 Colo. 455, 195 P.2d 964 (1948) and *Dohner v. Insurance Co.*, 109 Colo. 35, 121 P.2d 661 (1942) do not mandate a contrary result. Those cases stand for the proposition that in an action under the Forcible Entry and Detainer Act, there is no right to a jury trial where the only issues to be tried are equitable. Here, the predominant issues to be tried are legal. *Miller v. Carnation Co.*, 33 Colo.App. 62, 516 P.2d 661 (1973). The general assembly recognized that there could be jury trials in forcible entry and detainer actions by the language used in § 13–40–115, C.R.S. 1973, referring to both court and jury trials.

The judgment is reversed and the cause is remanded to the district court with directions to remand the cause to the county court for further proceedings consistent with this opinion.

PIERCE and VAN CISE, JJ., concur.